IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

BHUPINDER KAUR KHARANA,
A40-052-358,
Petitioner,

v.

MICHAEL CHERTOFF, Secretary
Dept. of Homeland Security,

ALBERTO R. GONZALES,
U.S. Attorney General;

Respondents

C 07 4754

Civ. No. _____

TEH

PETITION FOR A WRIT
OF HABEAS CORPUS
PURSUANT TO
28 U.S.C. §2241

FILED

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PETITION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241

## INTRODUCTION

Petitioner, Bhupinder Kaur Kharana, by and through undersigned counsel, hereby petitions this Court for a writ of habeas corpus to remedy his unlawful detention, and to enjoin his continued unlawful detention by the Respondents. The Petitioner submits that the Respondents have unlawfully restrained him of his liberty in violation of the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment to the U.S. Constitution. In support of this petition and complaint for injunctive and declaratory relief, Petitioner alleges as follows:

## CUSTODY

1. Petitioner is in the physical custody of the Department of Homeland Security's Immigration and Customs Enforcement. He is currently on a flight to India.

## JURISDICTION

1

2. This action arises under the Constitution of the United States, and the Immigration and Nationality Act ("INA"), 8 U.S.C. §1101 *et seq., as amended* by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* This Court has jurisdiction under 28 U.S.C. §2241 and Article I §9, Clause 2 of the United States Constitution ("Suspension Clause"), and 28 U.S.C. §1331, as the Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. *See Zadvydas v. Davis*, 533 U.S.678, 121 S. Ct. 2491 (2001). This Court may grant relief pursuant to 28 U.S.C. §2241, 5 U.S.C. §702, 28 U.S.C. §1361 (Mandamus) and the All Writs Act, 28 U.S.C. §1651. *See also Magana-Pizano v. INS,* 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. Sec. 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are in custody in violation of the Constitution or laws or treaties of the United States.").

3. The Petitioner has not filed a prior writ of habeas corpus either in regard to the detention and restraint complained of herein or in regard to any other detention or restraint.

## VENUE

4. Venue lies in the United States District Court, Northern District of California, the judicial district in which the Respondents have exercised custodial control over the Petitioner and where the Petitioner currently resides. 28 U.S.C. §1391(e).

2

5.  The Petitioner, Bhupinder Kaur Kharana is a native and citizen of India who acquired lawful permanent residence in 1987. She is married to Jugdish Kaur Singh, a citizen of the United States and has two U.S. citizen children, also U.S. Citizens. On May 29, 2007, the Ninth Circuit Court of Appeals denied Ms. Kharana's petition for review in a published opinion, *Kharana v. Gonzales,* 487 F.3d 1280 (9th Cir. 2007). At this time, her case is pending before the Supreme Court of California on a petition for review from the denial of a petition for writ of habeas corpus based on the ineffective assistance of her former counsel. *See Petition For Writ of Habeas Corpus or, Alternatively, Petition for Writ of Error Coram Nobis, or, Alternatively, Petition for Writ of Mandate and Emergency Request for Issuance of Order To Show Cause and Immediate Notification* and *Petition For Review.*

6.  Ms. Kharana was charged with four (4) counts of grand theft and (4) counts of obtaining money by false pretenses. *Please note that the applicant repaid more than $80,000 in complete restitution for her offenses.* Her former counsel advised her to enter a plea to the four false pretenses counts and assured her that she would not be removed by doing so. Unfortunately, he gravely erred; had she plead to the four theft counts, she would not have been deemed an aggravated felon and would have been eligible to seek relief from removal by establishing hardship to her family members.

7.  It should be noted that the sole basis for the Court's denial of her writ of habeas corpus was the fact that the Court deemed it lacked the authority to adjudicate the merits of her petition, an issue that is already pending before the California Supreme Court. Thus, upon resolution of the issue by the Court, the applicant may be eligible to have her conviction set aside due to ineffective assistance of

3

counsel. It is beyond dispute that her attorney misadvised her as to the consequences of her plea.

## THE PARTIES

8. Respondent, Michael Chertoff, is the Secretary for the Department of Homeland Security. He is charged with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens, provided that the Attorney General's determinations and rulings are controlling. Given this authority, he is empowered to carry out any administrative order of removal entered against the Petitioner. *See* 8 U.S.C. §1103(a)(1).

9. Respondent Alberto R. Gonzales is the Attorney General of the United States and is responsible for the administration of the immigration laws under 8 U.S.C. §1103 and the implementation and enforcement of the Immigration and Nationality Act. As such, he has ultimate legal control and authority over Mahesh Kumar Pathak.

## EXHAUSTION OF REMEDIES

10. The Petitioner has exhausted his administrative remedies to the extent required by law, and his only remedy is by way of this judicial action. He has appealed his case to the highest administrative level, the Board of Immigration Appeals and his case is now pending at the Ninth Circuit Court of Appeals pursuant to the authority found at 8 U.S.C. §1252.

## EQUAL ACCESS TO JUSTICE ACT

11. If he prevails, Petitioner will seek attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), *as amended*, 5 U.S.C. §504 and 28 U.S.C. §2412.

4

## CLAIMS FOR RELIEF

12. Petitioner re-alleges and incorporates by reference paragraphs 1 through 41 above.

13. In *Singh v. Gonzales*, __ F.3d ___ 2007 WL 2406862 (9th Cir. 2007), the Court held that the District Court had jurisdiction to consider an ineffective assistance of counsel claim that "occurred *after* the issuance of the final order of removal, and the claimed injury that Singh suffered as a result was the deprivation of an opportunity for direct review of the order of removal in the Court of Appeals." *Id.*

14. In this matter, the Petitioner was the victim of the ineffective assistance of her criminal attorney, Paolo Raffaelli, *before* issuance of the final order of removal and thus, the District Court has jurisdiction over this matter notwithstanding the REAL ID Act and 8 U.S.C. §1252(a)(5).

///

///

///

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

1)    Assume jurisdiction over this matter;

2)    Issue a Stay of Removal;

3)    Find that the Petitioner was the victim of ineffective assistance of counsel of her criminal attorney;

4)    Order Respondents to refrain from transferring the Petitioner out of the jurisdiction during the pendency of these proceedings and while the Petitioner remains in Respondent's custody;

5)    Award to Petitioner reasonable costs and attorney's fees; and

6)    Grant any other and further relief that this Court deems just and proper.

Respectfully submitted this _14_ day of _September_ 2007.

MARTÍN RESENDEZ GUAJARDO
Counsel for the Petitioner
P.O. Box 2087
San Francisco, California 94126
T: (415) 398–3852
F: (415) 296–8730

6

```
                    *********************
                *** TX REPORT ***
                    *********************


    TRANSMISSION OK

    TX/RX NO          2640
    CONNECTION TEL              8445514
    CONNECTION ID
    ST. TIME          09/14 14:16
    USAGE T           02'26
    PGS. SENT         6
    RESULT            OK
```

Law Office of
MARTIN RESENDEZ GUAJARDO
A Professional Corporation
555 Clay Street
San Francisco, CA 94111
415-398-3852
Fax: 415-296-8730

## FACSIMILE TRANSMITTAL COVER SHEET

| | |
|---|---|
| **U.S. DHS  ICE  Office of Detention and Removal**<br>**630 Sansome St.**<br>**San Francisco, CA 94111** | File #  _____#_____<br><br>Date: __9/14/2007__ |

Fax Phone: **415-844-5514** _____ Number of Pages Attached: __5__

| | | | |
|---|---|---|---|
| ☐ | For Your Information | ☐ | Per Your Request |
| ☐ | Please Sign And Return | ☒ | Per Phone Conversation |
| ☐ | For Filing with the Court | ☐ | For Your Files |
| ☐ | Approval | ☐ | Sent to the Embassy |
| ☐ | See Remarks Below | ☒ | For Your Review |

## Re: Bhupinder Kaur Kharana A40-052-358

ATTN: Officer Grinberg;

Attached please find the Application for Stay of Removal that my associate Teresa Salazar attempted to file with you on today's date. I have also attached a copy of Teresa Salazar's declaration regarding your reasons for refusing to accept Ms. Kharana's application.

Cordially,

Law Office of
⌣MARTIN RESENDEZ GUAJARDO⌣
A Professional Corporation
555 Clay Street
San Francisco, CA 94111
415-398-3852
Fax: 415-296-8730

## FACSIMILE TRANSMITTAL COVER SHEET

| | |
|---|---|
| **U.S. DHS  ICE  Office of Detention and Removal** | File #          **#** |
| **630 Sansome St.** | |
| **San Francisco, CA 94111** | Date: __**9/14/2007**__ |

Fax Phone: **415-844-5514** _____   **Number of Pages Attached:   5**

| | | | |
|---|---|---|---|
| ☐ | For Your Information | ☐ | Per Your Request |
| ☐ | Please Sign And Return | ☒ | Per Phone Conversation |
| ☐ | For Filing with the Court | ☐ | For Your Files |
| ☐ | Approval | ☐ | Sent to the Embassy |
| ☐ | See Remarks Below | ☒ | For Your Review |

## Re: Bhupinder Kaur Kharana A40-052-358

ATTN: Officer Grinberg;

Attached please find the Application for Stay of Removal that my associate Teresa Salazar attempted to file with you on today's date. I have also attached a copy of Teresa Salazar's declaration regarding your reasons for refusing to accept Ms. Kharana's application.

Cordially,

Law Office of
Martin Resendez Guajardo
mrg:ts

This fax communication is intended only for the use of the individual to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient or the employee or agent responsible for delivering the communication to the intended recipient you are hereby notified that any dissemination, distribution or copying of the communication is strictly prohibited. If you have retrieved this communication in error please notify us immediately by telephone and   return the original message to us at the above address via the U.S. Postal Service. Thank you.

U.S. Department of Justice
Immigration and Naturalization Service

OMB No. 1115-0055

**Application for Stay of Deportation or Removal**

Fee Stamp

## SUBMIT IN DUPLICATE

*Read instructions on reverse before filling out application*

| File No. | A40-052-358 |
|---|---|
| Date | 9 - 14 -07 |

| 1. Name (Family Name in CAPITAL letters, First, Middle) |
|---|
| **KHARANA, PFN#DRN-607     Bhupinder Kaur** |

| 2. Present Address (Apt. No.)     (Number and Street) | (Town or City) | (State) | (Zip Code) |
|---|---|---|---|
| **Elmwood Women's** | **Milpitas** | **CA** | **95035** |

| 3. Country of Citizenship | 4. Date to which passport is valid (Attach passport) |
|---|---|
| **India** | *I C E   TD* |

| 5. Country to which deportation or removal has been ordered | 6. Date to which stay of deportation or removal is requested |
|---|---|
| **India** | *Pending Criminal IAC* |

7. Reasons for requesting stay of deportation or removal

**See Addendum**

8. I certify that the statements I have made in this application are true and correct to the best of my knowledge and belief.

| X _(Signature)_ | San Francisco, CA _(Location)_ | 9. 14 -07 _(Date)_ |
|---|---|---|

9. Signature of person preparing form, if other than applicant.
I declare that this document was prepared by me at the request of the applicant and is based on all information of which I have knowledge. Failure by a preparer to complete this block may result in criminal prosecution and, upon conviction, a fine or imprisonment.

X

| (Signature) | (Printed Name) | (Date) |
|---|---|---|

### APPLICANT: DO NOT WRITE BELOW THIS LINE

| Stay  ☐ Denied  ☐ Granted | at | |
|---|---|---|
| (Date) | | (Place Where Granted) |

| By | | |
|---|---|---|
| (Signature) | (Title) | (Date) |

Form I-246 (Rev 09/19/00)Y

**Appearances** - An appearance shall be filed on this form by the attorney or representative appearing in each case. Thereafter, substitution may be permitted upon the written withdrawal of the attorney or representative of record or upon notification of the new attorney or representative. When an appearance is made by a person acting in a representative capacity, his personal appearance or signature shall constitute a representation that under the provisions of this chapter he is authorized and qualified to represent. Further proof of authority to act in a representative capacity may be required. **Availability of Records** - During the time a case is pending, and except as otherwise provided in 8 CFR 103.2(b), a party to a proceeding or his attorney or representative shall be permitted to examine the record of proceeding in a Service office. He may, in conformity with 8 CFR 103.10, obtain copies of Service records or information therefrom and copies of documents or transcripts of evidence furnished by him. Upon request, he/she may, in addition, be loaned a copy of the testimony and exhibits contained in the record of proceeding upon giving his/her receipt for such copies and pledging that it will be surrendered upon final disposition of the case or upon demand. If extra copies of exhibits do not exist, they shall not be furnished free on loan; however, they shall be made available for copying or purchase of copies as provided in 8 CFR 103.10.

In re:

Date: **9/14/2007**

File No. **A40-052-358**

I hereby enter my appearance as attorney for (or representative of), and at the request of the following named person(s):

Name:
**KHARANA, PFN#DRN  Bhupinder Kaur**

☐ Petitioner  
☐ Beneficiary  
☒ Applicant

| Address: (Apt. No.) | (Number & Street) | (City) | (State) | (Zip Code) |
|---|---|---|---|---|
| **Elmwood Women's Correctional Facility,** | **Milpitas** | **CA    95035** | | |

Name:

☐ Petitioner  
☐ Beneficiary  
☐ Applicant

| Address: (Apt. No.) | (Number & Street) | (City) | (State) | (Zip Code) |
|---|---|---|---|---|

*Check Applicable Item(s) below:*

☒ 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia

**CALIFORNIA** — **Supreme Court** — and am not under a court or administrative agency
Name of Court
order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☐ 3. I am associated with

the attorney of record previously filed a notice of appearance in this case and my appearance is at his request. (*If you check this item, also check item 1 or 2 whichever is appropriate.*)

☐ 4. Others (Explain Fully.)

| SIGNATURE | COMPLETE ADDRESS |
|---|---|
| | **Law Office of Martin Resendez Guajardo** |
| | **555 Clay St.** |
| | **San Francisco, CA 94111-3029** |
| NAME (Type or Print) | TELEPHONE NUMBER |
| **Martin Resendez Guajardo** | **415-398-3852**       Fax: 415-296-8730 |

*PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS:*

**Martin Resendez Guajardo**

(Name of Attorney or Representative)

*THE ABOVE CONSENT TO DISCLOSURE IS IN CONNECTION WITH THE FOLLOWING MATTER:*

| Name of Person Consenting | Signature of Person Consenting | Date |
|---|---|---|
| **Bhupinder Kaur Kharana, PFN#DRN** | | **09/14/2007** |

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)

This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is contained in 8CFR 103.10 and 103.20 Et.SEQ.

Form G-28 (09/26/00)Y

## ADDENDUM TO FORM I–246, APPLICATION FOR STAY OF DEPORTATION/REMOVAL

Bhupinder Kaur Kharana is a native and citizen of India who acquired lawful permanent residence in 1987. She is married to Jugdish Kaur Singh, a citizen of the United States and has two U.S. citizen children, also U.S. Citizens. On May 29, 2007, the Ninth Circuit Court of Appeals denied Ms. Kharana's petition for review in a published opinion, *Kharana v. Gonzales,* 487 F.3d 1280 (9th Cir. 2007). At this time, her case is pending before the Supreme Court of California on a petition for review from the denial of a petition for writ of habeas corpus based on the ineffective assistance of her former counsel. *See Petition For Writ of Habeas Corpus or, Alternatively, Petition for Writ of Error Coram Nobis, or, Alternatively, Petition for Writ of Mandate and Emergency Request for Issuance of Order To Show Cause and Immediate Notification* and *Petition For Review.*

Ms. Kharana was charged with four (4) counts of grand theft and (4) counts of obtaining money by false pretenses. *Please note that the applicant repaid more than $80,000 in complete restitution for her offenses.* Her former counsel advised her to enter a plea to the four false pretenses counts and assured her that she would not be removed by doing so. Unfortunately, he gravely erred; had she plead to the four theft counts, she would not have been deemed an aggravated felon and would have been eligible to seek relief from removal by establishing hardship to her family members.

It should be noted that the sole basis for the Court's denial of her writ of habeas corpus was the fact that the Court deemed it lacked the authority to adjudicate the merits of her petition, an issue that is already pending before the California Supreme Court. Thus, upon resolution of the issue by the Court, the applicant may be eligible to have her conviction set aside due to ineffective assistance of counsel. It is beyond dispute that her attorney misadvised her as to the consequences of her plea. We respectfully request that your office grant the instant request for a stay of removal pending resolution of the California Supreme Court matter.

## DECLARATION OF TERESA SALAZAR

I, Teresa Salazar, declare:

1.    I am an attorney licensed to practice law in the state of California. I am an associate attorney at the law firm of Martin Resendez Guajardo.  My business address is 555 Clay Street, San Francisco, CA 94111.  My mailing address is P.O. Box 2087, San Francisco, CA 94126.

2.    On September 14, 2007, I attempted to file an Application for Stay of Deportation or Removal for Bhupinder Kaur Kharana, A40-052-358.

3.    I was informed by Officer Grinberg that Ms. Kharana had been removed from the United States today and was presently in the air on her way to India, and therefore he would not accept an Application for Stay of Deportation.  I explained to Officer Grinberg that while Ms. Kharana was no longer in the United States, she had not yet reached India, her country of destination, and therefore had technically not been removed yet.  Officer Grinberg disagreed.  He indicated that even if they were to accept the Application for Stay of Deportation, there was nothing that could be done to stop Ms. Kharana from reaching India.  In Officer Grinberg's opinion, filing the Application would be futile.

4.    I then attempted to persuade Officer Grinberg by pointing out that there was no harm to the agency in accepting the application.  I further explained to him that Ms. Kharana simply wanted someone to consider the contents of her application.

5.    Officer Grinberg indicated he had already discussed the matter with his supervisor and had been advised that the agency would not accept the Stay Application. He stated that there was no point in going in circles on this issue. He further indicated that if we believed Ms. Kharana had a right to file such an application at this time, we could proceed with any type of court proceeding available. I thanked Officer Grinberg for his time and departed.

I declare under penalty of perjury that the above is true and correct. Executed this 14th day of September 2007, in San Francisco, California.

Teresa Salazar

U.S. Department of Justice
Immigration and Naturalization Service

OMB No. 1115-0055

**Application for Stay Deportation or Removal**

| | |
|---|---|
| | Fee Stamp |

### SUBMIT IN DUPLICATE
*Read instructions on reverse before filling out application*

| File No. | **A40-052-358** |
|---|---|
| Date | 9-14-07 |

---

1. Name (Family Name in CAPITAL letters, First, Middle)
   **KHARANA, PFN#DRN-607    Bhupinder Kaur**

| 2. Present Address (Apt. No.) | (Number and Street) | (Town or City) | (State) | (Zip Code) |
|---|---|---|---|---|
| | **Elmwood Women's** | **Milpitas** | **CA** | **95035** |

| 3. Country of Citizenship | 4. Date to which passport is valid (Attach passport) |
|---|---|
| **India** | *I C E   TD* |

| 5. Country to which deportation or removal has been ordered | 6. Date to which stay of deportation or removal is requested |
|---|---|
| **India** | *Pending Criminal   I AC* |

7. Reasons for requesting stay of deportation or removal

**See Addendum**

---

8. I certify that the statements I have made in this application are true and correct to the best of my knowledge and belief.

**X** _____    **San Francisco, CA**    9-14-07

(Signature)    (Location)    (Date)

9. Signature of person preparing form, if other than applicant.
I declare that this document was prepared by me at the request of the applicant and is based on all information of which I have knowledge. Failure by a preparer to complete this block may result in criminal prosecution and, upon conviction, a fine or imprisonment.

**X** _____

(Signature)    (Printed Name)    (Date)

---

### APPLICANT: DO NOT WRITE BELOW THIS LINE

Stay    ☐ Denied  ☐ Granted    _____ at _____

(Date)    (Place Where Granted)

By _____

(Signature)    (Title)    (Date)

Form I-246 (Rev. 09/19/00)Y

## ADDENDUM TO FORM I–246, APPLICATION FOR STAY OF DEPORTATION/REMOVAL

Bhupinder Kaur Kharana is a native and citizen of India who acquired lawful permanent residence in 1987. She is married to Jugdish Kaur Singh, a citizen of the United States and has two U.S. citizen children, also U.S. Citizens. On May 29, 2007, the Ninth Circuit Court of Appeals denied Ms. Kharana's petition for review in a published opinion, *Kharana v. Gonzales,* 487 F.3d 1280 (9th Cir. 2007). At this time, her case is pending before the Supreme Court of California on a petition for review from the denial of a petition for writ of habeas corpus based on the ineffective assistance of her former counsel. *See Petition For Writ of Habeas Corpus or, Alternatively, Petition for Writ of Error Coram Nobis, or, Alternatively, Petition for Writ of Mandate and Emergency Request for Issuance of Order To Show Cause and Immediate Notification* and *Petition For Review.*

Ms. Kharana was charged with four (4) counts of grand theft and (4) counts of obtaining money by false pretenses. *Please note that the applicant repaid more than $80,000 in complete restitution for her offenses.* Her former counsel advised her to enter a plea to the four false pretenses counts and assured her that she would not be removed by doing so. Unfortunately, he gravely erred; had she plead to the four theft counts, she would not have been deemed an aggravated felon and would have been eligible to seek relief from removal by establishing hardship to her family members.

It should be noted that the sole basis for the Court's denial of her writ of habeas corpus was the fact that the Court deemed it lacked the authority to adjudicate the merits of her petition, an issue that is already pending before the California Supreme Court. Thus, upon resolution of the issue by the Court, the applicant may be eligible to have her conviction set aside due to ineffective assistance of counsel. It is beyond dispute that her attorney misadvised her as to the consequences of her plea. We respectfully request that your office grant the instant request for a stay of removal pending resolution of the California Supreme Court matter.

## IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

IN RE: )
    BHUPINDER KAUR KHARANA, )
        Petitioner. )

PEOPLE OF THE STATE OF CALIFORNIA )
    Plaintiff and Respondent, )
           )
        v. )
           )
BHUPINDER KAUR KHARANA, )
    Defendant and Petitioner. )

(Court of Appeal no. H031899)

(Santa Clara Superior Court no. FF196223)

BHUPINDER KAUR KHARANA )
    Petitioner, )
           )
        v. )
           )
SUPERIOR COURT, SANTA CLARA CO., )
    Respondent, )
           )
PEOPLE OF THE STATE OF CALIFORNIA )
    Real Party in Interest. )

### PETITION FOR REVIEW

### AND

### EMERGENCY REQUEST

### FOR

### EXPEDITED CONSIDERATION

### AND IMMEDIATE NOTIFICATION

Richard C. Neuhoff, No. 54215
Attorney at Law
11 Franklin Square
New Britain, CT 06051
tel.:  (860) 229-0433
fax:  (860) 348-1942
e-mail: rcneuhoff@earthlink.net
Attorney for Defendant and Petitioner
        Bhupinder Kaur Kharana

# TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . 1

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Emergency Request for Issuance of Order to Show Cause . . . . . . . . . . . . 7

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

I.   PETITIONER WAS DENIED THE EFFECTIVE
     ASSISTANCE OF COUNSEL BECAUSE SHE WAS NOT
     ADVISED THAT SHE WOULD BE SUBJECT TO
     MANDATORY DEPORTATION FOR THE
     CONVICTIONS TO WHICH SHE PLED NO CONTEST . . . . . 17

II.  AVAILABILITY OF POST-CONVICTION RELIEF . . . . . . . . . 24

III. EMERGENCY REQUEST FOR ISSUANCE OF ORDER
     TO SHOW CAUSE AND IMMEDIATE NOTIFICATION
     OF PETITIONER'S COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . 25

IV.  TIMELINESS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

CERTIFICATE OF WORD COUNT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

# TABLE OF AUTHORITIES

## CASES

Galvan v. Press
(1954) 347 U.S. 522 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Glasser v. United States
(1942) 315 U.S. 60 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

In re Resendiz
(2001) 25 Cal.4th 230 . . . . . . . . . . . . . . . . . 14, 17, 18, 21

Magana-Pizano v. INS
(9th Cir. 1999) 200 F.3d 603 . . . . . . . . . . . . . . . . . . . . . 23

People v. Davis
(1973) 31 Cal.App.3d 106 . . . . . . . . . . . . . . . . . . . . . . . . 6

People v. Duvall
(1995) 9 Cal.4th 464 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

People v. Fosselman
(1983) 33 Cal. 3d 572 . . . . . . . . . . . . . . . . . . . . . . . . . 5-6

People v. Kim,
Cal. Supr. Ct. no. S153183 . . . . . . . . . . . 1, 5, 7, 16, 24-25

People v. Soriano
(1987) 194 Cal.App.3d 1470 . . . . . . . . . . . . 14, 17, 18, 20

People v. Superior Court (Zamudio)
(2000) 23 Cal.4th 183 . . . . . . . . . . . . . . . . . . . . . . . . . . 21

People v. Villa,
Cal. Supr. Ct. no. 151561 . . . . . . . . . . . . . . 1, 5, 16, 24-25

Powell v. Alabama
(1932) 287 U.S. 45 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Strickland v. Washington
(1984) 466 U.S. 668 . . . . . . . . . . . . . . . . . . . . . . 14, 19, 23

TABLE OF AUTHORITIES (continued)

United States v. DeCoster
(D.C.Cir. 1973) 487 F.2d 1197 . . . . . . . . . . . . . . . . . . . . . 17

United States v. Rivera-Sanchez
(9th Cir. 2001) 247 F.3d 905 . . . . . . . . . . . . . . . . . . . . . . 23

Wiggins v. Smith
(2003) 539 U.S. 510 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

## STATUTES

8 U.S.C. § 1229b . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Cal. Const., art. I, § 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Rules of Court, Rule 4.414 . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Cal. Rules of Court, Rule 4.551 . . . . . . . . . . . . . . . . . . . . . . . . . 7

Pen. Code, § 1016.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6

Pen. Code, § 1473 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

U.S. Const., 6th Amend. . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 17

U.S. Const., 14th Amend. . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 17

## MISCELLANEOUS

Schwarzer, Dealing With Incompetent Counsel --
The Trial Judge's Role
(1980) 93 Harv.L.Rev. 633, 639, n.27, 649 . . . . . . . . . . . 6

American Bar Ass'n, ABA Standards for Criminal Justice,
Pleas of Guilty (3d ed. 1999)
Standard 14-1.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
Standard 14-3.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20-21

## STATEMENT OF ISSUES PRESENTED

1.    Is a person who petitions for a writ of habeas corpus "restrained of [her] liberty" within the meaning of Penal Code section 1473, subdivision (a), when she is in the custody of federal immigration officials solely because of a California conviction on which the sentence has fully expired? (This issue is currently pending before this Court in *People v. Kim*, S153183 (review granted July 25, 2007) and *People v. Villa*, S151561 (review granted June 13, 2007).

2.    Is the writ of error coram nobis available to challenge a California conviction on which the sentence has fully expired if the conviction is presently the basis of federal immigration proceedings and the petitioner alleges that trial counsel failed to properly advise her as to the immigration consequences of the conviction and that she did not in fact know what those consequences would be? (This issue is currently pending before this Court in *People v. Kim*, S153183 (review granted July 25, 2007).)

3.    Did the trial court have the power to grant petitioner's non-statutory motion to vacate judgment for ineffective assistance of counsel in failing to properly advise her of the mandatory immigration consequences if she pleaded no contest to the false pretenses charges against her? (This issue is currently pending before this Court in *People v. Kim*, S153183 (review granted July 25, 2007).)

1

## INTRODUCTION

This petition asks this Court to grant review to decide what remedies are available when, as the result of a no contest plea in a criminal case, an individual suffers a devastating consequence that was inevitable in light of the plea but was unknown to the individual and her lawyer at the time she entered it.

Ms. Bhupinder Kaur Kharana, the defendant and petitioner in the current action, is a citizen of India but has been a lawful permanent resident of the United States since she arrived in this country in 1987, when she was 21 years old. (She is now nearly 41 years old.) After her arrival, she married Jugdish Kaur Singh, a United States citizen, with whom she has had two sons, born in 1990 and 1992, who are also U.S. citizens. All of Ms. Kharana's closest relatives now live in the United States, including both of her parents and her brothers and sisters. All but one brother are U.S. citizens. Ms. Kharana has no close relatives in India.

Ms. Kharana lived in the United States for the first 14 years without having any brushes with the law. Then, in mid-2001, she and her husband were arrested in Gilroy and charged with eight felony charges, arising out of the operation of an Internet business they ran. Four of the charges were for grand theft, and four were for obtaining money by false pretenses. In December 2001, Ms. Kharana and her husband pleaded no contest to the false-pretenses charges, and the grand theft charges were dismissed.

In September 2002, having paid full restitution of approximately $80,000, Ms. Kharana and her husband were placed on probation for three years. Ms. Kharana successfully completed her probation without incident, and she has not been arrested again. For most of the time since her release

2

from jail, she has been the sole support of her family, as her husband was unable to find work.

At the time of her change of plea on the 2001 criminal charges, Ms. Kharana was aware that her convictions could have the consequence of deportation. The court advised her of this, pursuant to Penal Code section 1016.5, and her attorney made similar statements to her. But she thought that if she paid restitution, if she did well on probation, if she had no more troubles with the law, if she showed that she was capable of being a useful, productive, repentant, and law-abiding person (as indeed she has), she would not actually be deported. What she did not know, and what her lawyer apparently did not know and what he did not tell her, was that because she was convicted of these false-pretense charges, she made deportation impossible to avoid. She essentially pleaded to being deported.

Mandatory deportation was a consequence that Ms. Kharana should have been made aware of before she pleaded to the charges, because it was a consequence of utmost importance to her, as it would be to anyone in her situation. Nothing, not even time in prison, could have had more devastating effect on Ms. Kharana than deportation to India. Deportation meant (and means) she would no longer be able to see her husband, her parents, her brothers and sisters. It meant (and means) she would not be able to see or raise her children, that she would be abandoning them while they were still kids. Had she known that by her no contest pleas, she was effectively agreeing to permanent separation from her children and her family, and that she would be returned to a country where she has no close relatives and where she had not lived for years, she would never have entered those pleas. She would either have demanded a trial or instructed her attorney to seek out a plea agreement that did not entail convictions of offenses that rendered her

3

automatically deportable (such as by pleading to the alternative grand theft charges instead of the false-pretenses charges, as per the declaration of immigration attorney Saad Ahmad, Exh. 7).

The obligation to inform Ms. Kharana of the mandatory-deportation consequences of her no contest pleas lay with her criminal defense lawyer. Any reasonably competent attorney acting as a diligent advocate on her behalf would have either investigated the deportation issue himself or herself, or would have consulted with an immigration attorney. Had Ms. Kharana's counsel done so, he would have learned that her pleas to the false-pretenses charges made deportation not merely a possibility (as she was advised in court) but a certainty, and he would have advised her of that fact. He also would have learned that if Ms. Kharana were convicted of an offense that did *not* make her subject to mandatory deportation, there was indeed a high likelihood that, given her family situation and assuming that she completed probation successfully and had no further run-ins with the law, she would avoid deportation. Unfortunately, however, trial counsel failed to learn, and failed to inform his client, that her pleas to the false-pretenses charges required deportation. Under the well-established standards applicable to this situation, counsel failed to provide the effective assistance of counsel to which Ms. Kharana was entitled.

Ms. Kharana is now under an order of deportation, entered solely as the result of her convictions for the mandatory-deportation false-pretenses offenses. On July 25, 2007, she was taken into custody by immigration authorities when she went to immigration office for her weekly check-in. She is subject to be deported at any time. She now comes to this Court to seek relief from her unconstitutional conviction.

4

There are at least three possible vehicles by which relief might be granted.

Habeas Corpus. Obviously, habeas corpus lies for claims of ineffective assistance of counsel. However, one necessary element of a habeas corpus action is that the petitioner be in custody, or in the words of Penal Code section 1473, that the petitioner be "restrained of [her] liberty." Ms. Kharana has completed her sentence as to the false-pretenses charges, and so she is not in custody or restrained of her liberty in the sense that she would be if she were in jail, in prison, or on bail, O.R. release, probation or parole as a result of those charges. However, Ms. Kharana is in immigration custody that is the result of those charges and that is indistinguishable in every real sense from criminal custody.

The key question of whether such custody or restraint is sufficient to enable an individual to bring a habeas corpus action is presently before this Court in *People v. Villa*, Supreme Court no. S151561. Review was granted in *Villa* on June 13, 2007.

Coram Nobis: A petition for writ of coram nobis is a judicially created vehicle by which individuals convicted of criminal offenses may seek relief from their convictions when they are no longer in custody or "restrained of their liberty" in the normal sense. Several courts of appeal have held, however, that coram nobis is not available when the challenge to the conviction is a claim of ineffective assistance of counsel. (See, e.g., *People v. Kim* (2007) 150 Cal.App.4th 1158, 1168-69, 1173, review granted July 25, 2007.) However, the validity of this line of restriction on coram nobis is also before this Court, in the *Kim* case itself. (See *People v. Kim*, S153183.)

*Fosselman* Motion: In *People v. Fosselman* (1983) 33 Cal.3d 572, 582-583, a defendant brought a post-conviction motion for a new trial

5

contending (as Ms. Kharana does in this case) that he had been denied the effective assistance of counsel. The prosecution argued that the trial court lacked jurisdiction to grant relief from conviction on that basis, since ineffective assistance is not among the grounds listed in Penal Code section 1181 as a proper basis for a new trial motion. This Court responded as follows:

> "Penal Code section 1181 enumerates nine grounds for ordering a new trial. It is true the section expressly limits the grant of a new trial to only the listed grounds, and ineffective assistance is not among them. Nevertheless, the statute should not be read to limit the constitutional duty of trial courts to ensure that defendants be accorded due process of law. "Upon the trial judge rests the duty of seeing that the trial is conducted with solicitude for the essential rights of the accused." (*Glasser v. United States* (1942) 315 U.S. 60, 71; see also *Powell v. Alabama* (1932) 287 U.S. 45, 52; *People v. Davis* (1973) 31 Cal.App.3d 106, 110; Schwarzer, *Dealing With Incompetent Counsel -- The Trial Judge's Role* (1980) 93 Harv.L.Rev. 633, 639, n.27, 649. The Legislature has no power, of course, to limit this constitutional obligation by statute.

(*Fosselman, supra*, 33 Cal.3d at p. 582.)

If, as *Fosselman* held, a trial court has the jurisdiction and inherent power to grant a motion for new trial on the constitutional ground of ineffective assistance of counsel, then a trial court also has the jurisdiction and power to grant a motion to vacate a conviction after guilty plea based on the same constitutional ground. While the trial court generally lacks jurisdiction over a cause after judgment has been entered (just as it is generally without power to overrule a jury's verdict), the Legislature has specifically empowered trial courts to vacate judgments and allow noncitizen defendants to withdraw guilty pleas when they have not been properly advised of the potential immigration consequences of those pleas. (Pen. Code, § 1016.5.) And while section 1016.5 is only expressly applicable in cases in which the trial judge has failed to give advisements required by statute, *Fosselman* teaches that the same procedure must also be available to that same class of defendants (i.e.,

6

noncitizens who have pled guilty without understanding the immigration consequences of doing so) when their claim is instead founded in the right to counsel guaranteed by the United States Constitution.

As is true with coram nobis, this availability of this procedure is before this Court following its grant of review in *People v. Kim, supra.*

Summary: All three of the procedures invoked by Ms. Kharana in the present case are currently before this Court for full decision on the merits. In assessing this petition initially, this Court is to "assum[e] the petitioner's factual allegations are true." (*People v. Duvall* (1995) 9 Cal.4th 464, 474; Cal. Rules of Court, Rule 4.551(c)(1).) If, as petitioner hopes and anticipates, this Court "makes a preliminary assessment" (*ibid.*) that a prima facie case of ineffective assistance of counsel is made out, then petitioner respectfully requests that review be granted.

**Emergency Request for Expedited Consideration and Request for Immediate Notification:** Because petitioner has been taken into custody for final deportation, time is of the essence. Petitioner respectfully requests that the Court consider her Petition for Review on an expedited and emergency basis. There is good cause for such an order because of the imminence of petitioner's deportation and the fact that the nature of the appropriate vehicle for this petition/motion is currently before the Court. Petitioner further requests that the Court direct its clerk to immediately notify petitioner's counsel by telephone and to fax or email him a copy of the Court's order.

Good cause for filing at this time: There is good cause why this petition/motion could not have been filed sooner: Ms. Kharana's lack of education in the law and her lack of sophistication in English prevented her from bringing this action herself, and she had no financial ability to hire an attorney to do so. To bring this action, she had to borrow money from her

7

family to hire an attorney, and they were only willing to do this because her immigration proceedings had ended in May. (See Exh. 5 [Kharana Decl.].)

Proceedings below: The issues raised in this petition were all presented to the Superior Court in a "Petition For Writ of Habeas Corpus Or, Alternatively, Petition For Writ of Error Coram Nobis, Or, Alternatively, Motion to Vacate Judgment." That petition/motion was filed in the Superior Court on August 1, 2007, and was handled under the same case number as the original underlying proceedings, FF196223. On August 3, the petition/motion was denied. The Superior Court ruled that "[a]lthough Petitioner arguably states a prima facie case for relief, based on ineffective assistance of counsel, with regards to the devastating immigration consequences she now faces, this Court is unable to reach the merits of the claim. As Petitioner accurately points out, the lack of a procedural vehicle by which to address the constitutional claims presented is currently under review by our state supreme court. [¶] The instant petition is denied without prejudice to refiling if and when the California Supreme Court issues a favorable ruling on this issue." (Citations omitted.) A copy of the Superior Court's order is attached to this petition.

The Superior Court's denial "without prejudice" is in fact a denial *with* prejudice, because by the time this Court can "issue[] a favorable ruling on this issue," petitioner will have been deported. Review should, in all fairness, be granted at this time, so as to allow petitioner the opportunity to take advantage of any such favorable ruling and to avoid "the devastating immigration consequences" that the Superior Court quite correctly observed that petitioner is facing.

The issues raised in this petition were also all presented to the Sixth District Court of Appeal in a "Petition For Writ of Habeas Corpus Or,

8

Alternatively, Petition For Writ of Error Coram Nobis, Or, Alternatively, Petition for Writ of Mandate." *(In re Kharana*, H031899.) That petition/motion was denied without elaboration on August 17, 2007. A copy of that order is attached to this Petition..

In addition, on August 9, 2007, petitioner filed a Petition For Writ of Habeas Corpus Or, Alternatively, Petition For Writ of Error Coram Nobis, Or, Alternatively, Petition for Writ of Mandate in this Court. (S155226.) That petition is still pending as of this writing.

## STATEMENT OF FACTS

Petitioner is a citizen of India but has been a lawful permanent resident of the United States since she arrived in this country in 1987, when she was 21 years old. In 2001, she pleaded no contest to four felony charges of theft by false pretenses, and in 2002 was sentenced to probation and county jail. (Santa Clara Super. Ct. no. FF196223.) Upon conclusion of the criminal proceedings, the Bureau of Immigration & Custom Enforcement (formerly, the Immigration and Naturalization Service, now the Department of Homeland Security, hereafter "DHS") instituted deportation proceedings against her, based solely on her criminal convictions. During the course of those proceedings, petitioner successfully completed her probation. In May 2007, the deportation proceedings came to a conclusion. Petitioner is now in custody for deportation, as a result of her 2001/2002 convictions.

In mid-2001, petitioner and her husband were arrested in Gilroy and charged in the Santa Clara County Superior Court's San Martin Facility with eight felony charges, arising out of the operation of an Internet business they ran. Four of the charges were for grand theft, and four were for obtaining money by false pretenses. (See Complaint FF196223.) In December 14,

9

2001, Ms. Kharana and her husband pleaded no contest to the false-pretenses charges, and the grand theft charges were dismissed. (See Minutes, Exh. 3, below. A reporter's transcript of these proceedings has been requested, but the court reporter has been on vacation and has not yet been able to provide it. The transcript, designated Exhibit 8, will be provided as soon as it becomes available.)

In September 2002, having paid full restitution of approximately $80,000, Ms. Kharana and her husband were placed on probation for three years and ordered to serve a year in the county jail. (See Exhs. 3 [minutes] and 4 [Reporter's Transcript][1].) She successfully completed her probation without incident. (Kharana Decl., Exh. 5.)

After the criminal proceedings had concluded, the DHS instituted deportation proceedings against petitioner, solely as the result of those 2001/2002 criminal convictions in case FF196223. Those immigration proceedings concluded in May 2007, and petitioner is now in the custody of the DHS for deportation. (Ahmad Decl., Exh. 7.)

Except for the 2001/2002 convictions, petitioner has no criminal record. She is 41 years old and has lived in the United States as a lawful permanent resident since 1987. After her arrival in this country, she married Jugdish Kaur Singh, a United States citizen, with whom she has had two sons, born in 1990 and 1992, who are also U.S. citizens. All of Ms. Kharana's closest

---

[1]     The date on the sentencing transcript, which was provided to predecessor counsel, is September 30, *2003*. However, undersigned counsel has obtained a copy of the superior court file and determined that there were no proceedings in this case on September 30, 2003. As Exhibit 3 shows, however, there were sentencing proceedings on September 30, *2002*. Thus, it appears that the year stated on the sentencing transcript is wrong. Counsel has raised this matter with the court reporter, but she is on vacation until the end of July and will not be able to respond until then. In the meantime, however, we proceed on the assumption that the transcript is for the sentencing proceedings of September 30, 2002.

10

relatives now live in the United States, including both of her parents'and her brothers and sisters. All but one brother are U.S. citizens, and that brother is married to a U.S. citizen. Ms. Kharana has no close relatives in India. (Exhs. 5 [Kharana Decl.] and 6 [Singh].)

Petitioner was represented throughout the criminal proceedings by Paolo Raffaelli. Mr. Raffaelli advised petitioner that if she pleaded no contest to the charges of theft by false pretenses, she could possibly be deported. But he did not advise her that she definitely would be deported for those convictions. Nor did he advise her that she could avoid the "definite deportation" consequences if she pleaded no contest to other offenses. For example, he did not advise her that she would not face mandatory, irrevocable deportation if she pleaded no contest to the four alternative grand theft charges and was either sentenced to 364 days in jail or was sentenced to consecutive three-month terms on the four charges. Petitioner was herself unaware of the drastic, mandatory and unavoidable deportation consequences of her no contest pleas to the false pretenses charges. She was not aware that she could have avoided the mandatory-deportation consequences if she had pleaded no contest to the four alternative grand theft charges and had been sentenced to 364 days or less in the county jail on each count or to four consecutive three-month terms. (Exh. 5 [Kharana Decl.].)

If she had known that, by pleading no contest to the false-pretenses charges, she would have to be deported, petitioner would not have pleaded guilty to them. She would either have insisted upon a trial or would have sought out a plea agreement whereby deportation was not a mandatory consequence. (Exh. 5 [Kharana Decl.].) During the time she was being prosecuted, petitioner's absolute highest goal was to avoid deportation. Her husband and her children were United States citizens, and they had always

11

intended to remain in this country. The United States was (and is) their home. It is the only country the children have ever known. Also, all of petitioner's close relatives lived here in the United States (and they still do): her mother, father, three sisters, and two brothers. All of them are now United States citizens except for one brother, and he is married to a U.S. citizen. In 2001, petitioner had no close family in India, and she still does not. Therefore, if she were deported, it would mean not only a permanent breakup of her marriage, but also a permanent separation from her parents, brothers, sisters, and children. Petitioner especially could not bear the thought of losing contact with her children, who were both less than 12 years old at the time. Deportation would mean she would not be able to see or raise her children. She would be unable to be their mother. She would be abandoning them while they were still kids. In petitioner's view, deportation was (and is) the biggest disaster that could happen to her. It would have been (and is) worse than going to prison. So, while it was important to petitioner to avoid being sent to state prison, this was not as important as avoiding deportation. (Exh. 5 [Kharana Decl.].)

As noted, when petitioner pleaded no contest, she understood that her convictions might cause her to be deported. But she believed that if she paid restitution, if she did well on probation, if she had no more troubles with the law, if she showed that she could be a useful, productive, and law-abiding person, she would likely avoid deportation. She did not know, and was not advised by her lawyer, that a plea of no contest to the false-pretenses charges meant she had to be deported, no matter what else she did, no matter how hard she worked to straighten out her life. If she had known that, she never would have pleaded to those charges. There would have been no reason to plead. Even if she was sent to prison, she could have visits with her children and the

12

rest of her family while she was there. And although she would be deported
after serving her sentence, she would have been able to be here in this State
during her sons' growing-up years. She would have been able to be their
mother. (Exh. 5 [Kharana Decl.].)

Trial counsel's failure to advise petitioner of the mandatory-deportation
consequences of her pleas was certainly due to a failure to research the
immigration consequences or to consult with an immigration expert. Had he
done either of these things, counsel would have learned that petitioner's pleas
to the false-pretenses charges made deportation mandatory and unavoidable.
And counsel would also have learned something else. He would learned that
he could avoid mandatory-immigration consequences if he negotiated a plea
to the alternative grand-theft counts with which petitioner was charged and had
agreed to petitioner either serving 364 days in the county jail on one count (or
all counts concurrently, for that matter) or serving consecutive three-month
sentences on the four grand theft charges. (Exh. 7 [Ahmad Decl.].) These
alternative outcomes would assuredly have been available to counsel, because
the prosecution would have ended up with the same number of felony
convictions, and the same or virtually the same jail time, as it obtained by
virtue of the no-contest pleas to the false-pretenses charges, and as it had
obtained from petitioner's husband and co-defendant (whose punishment the
prosecution was satisfied with even though it did not include the additional
punishment of deportation).

It is the trial lawyer's duty to investigate the immigration situation,
research the immigration law concerning the actual immigration consequences
the defendant would face from several possible plea bargains, attempt to
obtain certain non-aggravated felony pleas that the prosecution is likely to
accept, or otherwise defend against devastating immigration consequences.

13

(*People v. Soriano* (1987) 194 Cal.App.3d 1470.) No reasonable attorney, acting as a conscientious diligent advocate, would have failed to investigate and become informed about the immigration consequences of no contest pleas by a client who was a lawful resident alien. No reasonable attorney, acting as a conscientious diligent advocate, would have failed to advise his client of those consequences, particularly of mandatory-deportation consequences. No reasonable attorney, acting as a conscientious diligent advocate, would have failed to explore settlement of his client's case based upon pleas that did not make deportation mandatory and irrevocable.

There was not, and could not be, any tactical or strategic reason for counsel's failures. (*Strickland v. Washington* (1984) 466 U.S. 668.) Petitioner has suffered, and will suffer, extreme prejudice as the result of defense counsel's deficiencies. (*Strickland, id.*, at pp. 693-694; *In re Resendiz* (2001) 25 Cal.4th 230, 253.) There is a "reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different." (*Strickland, supra*, 466 U.S. at p. 694.) "[A] defendant who pled guilty demonstrates prejudice caused by counsel's incompetent performance in advising him to enter the plea by establishing that a reasonable probability exists that, but for counsel's incompetence, he would not have pled guilty and would have insisted, instead, on proceeding to trial." (*Resendiz, supra*, 25 Cal.4th at p. 253.) Thus, petitioner suffers from an illegal restraint because she was denied her constitutional right to the effective assistance of counsel at the trial level.

In light of the foregoing, petitioner has been deprived of the effective assistance of counsel guaranteed her by the Sixth and Fourteenth Amendments to the United States Constitution and by Article I, section 15 of the California Constitution.

14

This petition/motion is timely brought because it was brought as soon as practical under the circumstances and/or there is good cause why it was not brought at an earlier time.

- Petitioner is not educated in the law. She was born and raised in India and lived there until she was 20 years old. She received only a high-school education. She knew nothing about the United States' legal system before she came here, and she had no contact with the U.S. legal system before her arrest on these charges. Also, petitioner's first language is Punjabi. She does not understand English well. She does not understand uncommon words and many big words. Therefore, she could not file this action herself.

- In addition, petitioner has had no money to hire a lawyer. She lost her home, her two lots, and her car as a result of paying restitution during the criminal proceedings. Her savings were wiped out paying expenses for herself and her children after she got out of jail, when she and the boys moved in with her parents. After she got back together with her husband in June 2005, money was still very tight. All the money they earned went to pay living expenses and to pay a lawyer to represent her in the immigration proceedings. Until taken into custody on July 25, petitioner had a job, but her husband had not been able to find one since he lost his job doing electrical work, due to lack of contract work at the company. Petitioner was in the process of moving into the garage of her sister when she was taken back into custody by Immigration. So, petitioner has had no financial ability to hire an attorney to try to set aside her no

15

contest pleas. Even now, she had to borrow money from her family to hire an attorney, and the family members were only willing to do this because she had lost the appeal in the Ninth Circuit.

**Emergency Request for Expedited Consideration and Immediate Notification of Counsel:** Because petitioner has been taken into custody for deportation, time is of the essence. Petitioner respectfully requests that this Petition be considered on an expedited and emergency basis. There is good cause for such an order because of the imminence of petitioner's deportation and the fact that the nature of the appropriate vehicle for this petition/motion is currently before this Court.

In addition, petitioner also respectfully requests that the Court direct its clerk to immediately notify petitioner's counsel by telephone and to fax or email him a copy of the Court's order, so that immigration authorities may be promptly notified of any favorable ruling before petitioner is deported.

## ISSUES PRESENTED

Petitioner will first discuss the underlying claim of ineffective assistance of counsel and then will address issues concerning the vehicles by which the constitutional error may be rectified by this Court. As noted earlier, the question of what procedural vehicles are available is currently before the Court in two cases in which review has recently been granted: *People v. Villa*, S151561 (review granted June 13, 2007) and *People v. Kim*, S153183 (review granted July 25, 2007).

### I.
### PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE SHE WAS NOT ADVISED THAT SHE WOULD BE SUBJECT TO MANDATORY DEPORTATION FOR THE CONVICTIONS TO WHICH SHE PLED NO CONTEST

A criminal defendant is guaranteed the right to effective assistance of
counsel under both the United States and California Constitutions. (U.S.
Const., 6th Amend., 14th Amend.; Cal. Const., art. I, § 15, *Strickland v.
Washington* (1984) 466 U.S. 668, 686, *People v. Pope* (1979) 23 Cal.3d 412,
423- 424.) The applicable standard for measuring counsel's effectiveness is
that of a "'reasonably competent' attorney who acts as a '*diligent conscientious
advocate*.'" (*People v. Soriano* (1987) 194 Cal.App.3d 1470, 1478-1479
(quoting *United States v. DeCoster* (D.C.Cir. 1973) 487 F.2d 1197, 1202,
emphasis in *DeCoster*, retained by *Soriano*).)

> "Plea bargaining and pleading are critical stages in the criminal process
> at which a defendant is entitled, under both the Sixth Amendment to the
> federal Constitution and article I, section 15 of the California
> Constitution, to the effective assistance of legal counsel. It is well
> settled that where ineffective assistance of counsel results in the
> defendant's decision to plead guilty, the defendant has suffered a
> constitutional violation giving rise to a claim for relief from the guilty
> plea. To establish ineffective assistance of counsel under either the
> federal or state guarantee, a defendant must show that counsel's
> representation fell below an objective standard of reasonableness under
> prevailing professional norms, and that counsel's deficient performance
> was prejudicial, i.e., that a reasonable probability exists that, but for
> counsel's failings, the result would have been more favorable to the
> defendant."

(*In re Resendiz* (2001) 25 Cal.4th 230, 239 (citations omitted).)

Throughout all criminal proceedings, and certainly prior to entering a
plea, a defendant may reasonably expect that her trial lawyer will investigate
the immigration situation, research the immigration law concerning the actual
immigration consequences the defendant would face from several possible plea

17

bargains, or attempt to obtain certain pleas not subject to mandatory deportation. (*Id.*, *People v. Soriano*, *supra*, 194 Cal.App.3d 1470.)

Conviction for the offense of theft by false pretenses is subject to mandatory deportation (i.e., constitutes a "deportable offense") where, as here, the loss to the victims exceeds $10,000. By contrast, deportation is not a mandatory consequence of a conviction for grand theft for a defendant who (like petitioner) has been a lawful permanent resident for at least seven years and who receives no sentence of one year or greater on any one offense. In such situations, while the conviction may make the defendant eligible for deportation, the deportation can be "canceled" under the authority of 8 U.S.C. § 1229b. And, indeed, for persons in petitioner Kharana's situation — who have been convicted of crimes on one occasion but do not otherwise have a criminal history and who have been in this country for a substantial amount of time, are married to a U.S. citizen, and have minor children who are also U.S. citizens — deportation usually *is* canceled. But cancellation is not possible for a conviction of theft by false pretenses where the losses exceed $10,000. (See Ahmad Decl. [Exh. 7], ¶¶ 7-10 and statutes and case law cited therein.)

Thus, it was a substantial misadvisement for petitioner's counsel to advise her that she might face deportation when in fact deportation and exclusion from the United States were a certainty. (*People v. Soriano*, *supra*, 194 Cal.App.3d at p. 1480.) This is a devastating consequence on which to have received incomplete and imprecise advice. Indeed, the California Supreme Court has recognized repeatedly that deportation and exclusion are extremely dire consequences of a conviction. (*In re Resendiz*, *supra*, 25 Cal.4th 230, 251.) Here, as in *Resendiz*, petitioner was a permanent resident who had lived in this country nearly all of her adult life and who has two children who are United States citizens. (*Ibid.*) Had petitioner realized the

18

full consequences of her pleas to the false-pretenses charges, she would not have entered the pleas. She would have asked her lawyer to take the case to trial or settle the case based upon the alternative charges in the complaint that alleged grand theft.

The United States Supreme Court has recently held that *Strickland* requires a complete and thorough investigation. (*Wiggins v. Smith* (2003) 539 U.S. 510, 521, 522.) Where there are substantial consequences attributable to a failure to perform a specific aspect of the general duty to investigate, that omission is unreasonable and therefore falls below the standard of care. (*Ibid.*)

"In assessing the reasonableness of an attorney's investigation . . . a court must consider not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further." (*Wiggins v. Smith, supra*, 539 U.S. at p. 527.) The fact that petitioner was a long-standing permanent resident living among her entire family who are nearly all United States citizens, and the fact that the false-pretenses charges were subject to mandatory deportation and permanent exclusion from the United States, would have led a reasonable attorney to investigate as to whether it was necessary to attempt to negotiate a plea to another offense that was non-deportable or to which any deportation proceedings would be subject to cancellation. But because counsel in the present case did not conduct such investigation and/or failed to communicate the full deportation effects of the false-pretenses convictions to his client, petitioner now faces devastating immigration consequences. Under the circumstances, trial counsel's failure to have researched, investigated and advised as to immigration consequences was unreasonable.

19

The ABA Standards have long required defense counsel to take the
immigration consequences into account in the defense of criminal cases.
(*People v. Soriano, supra,* 194 Cal.App.3d at p. 1481.) The ABA has clarified
this more recently, with specific emphasis on "the grave immigration
consequences that may flow from a guilty plea." (American Bar Ass'n, *ABA
Standards for Criminal Justice, Pleas of Guilty* (3d ed. 1999), Commentary to
Standard 14-1.4.) Accordingly, the current ABA standard concerning the
responsibilities of defense counsel in advising a defendant prior to a plea
provides:

> "(f) To the extent possible, defense counsel should determine and
> advise the defendant sufficiently in advance of the entry of any plea, as
> to the possible collateral consequences that might ensue from entry of
> the contemplated plea."

(*Id.,* Standard 14-3.2.) The general admonition of the sentencing court is not
sufficient to effectively or adequately advise petitioner of the immigration
consequences attendant to his plea. This point is specifically addressed in the
Commentary to ABA Standard 14-3.2:

> "An increasing burden must fall to defense counsel by virtue of the
> growing number and range of consequences of conviction . . . .
> Because such discussions may involve the disclosure of privileged or
> incriminatory information (such as the defendant's immigration status),
> only defense counsel is in a position to ensure that the defendant is
> aware of the full range of consequences that may apply in his or her
> case."

(*Id.,* Commentary to ABA Standard 14-3.2.) The Commentary further states,

in pertinent part:

> "While the standards always required defense counsel to advise
> his or her client concerning other considerations 'deemed
> important by defense counsel or the defendant' (Standard
> 14-3.2(b)), the number and significance of potential collateral
> consequences has grown to such an extent that it is important to
> have a separate standard that addresses this obligation.
> * * * *
> "This Standard . . . strives to set an appropriately high standard,
> providing that defense counsel should be familiar with, and
> advise defendants of, all of the possible effects of conviction.
> In this role, defense counsel should be active, rather than

20

passive, taking the initiative to learn about rules in this area rather than waiting for questions from the defendant, who will frequently have little appreciation of the full range of consequences that may follow from a guilty, nolo or *Alford* plea. . . . [I]t may well be that many clients' greatest potential difficulty, and greatest priority, will be the immigration consequences of a conviction. To reflect this reality, counsel should be familiar with the basic immigration consequences that flow from different types of guilty plea, and should keep this in mind in investigation the law and facts and advising the client."

(*Ibid.*)

*Resendiz* sets forth the proper test of prejudice: "[A] defendant who pled guilty demonstrates prejudice caused by counsel's incompetent performance in advising him to enter the plea by establishing that a reasonable probability exists that, but for counsel's incompetence, he would not have pled guilty and would have insisted, instead, on proceeding to trial." (*In re Resendiz, supra,* 25 Cal.4th at p. 253.)

Prejudice is particularly strong here considering counsel's failure to advise petitioner of the possibility of pleading to an equivalent charge under which deportation would not have been mandatory. Petitioner was further prejudiced by counsel's failure to advise her of the consequence of exclusion (impossibility of reentry), as opposed to the mere possibility of deportation. Independent of any other issue presented, the failure to give advisements of the specific risk of exclusion has been recognized as a possible basis of prejudice. (See *People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 209 (quoting *Galvan v. Press* (1954) 347 U.S. 522, 533 (dis. opn. of Black, J.)) [deported alien who cannot return "loses his job, his friends, his home, and maybe even his children, who must choose between their [parent] and their native country"].)

There is *at least* a reasonable probability that the prosecution would have agreed to a proposal for petitioner to enter into an alternative plea agreement, given that there was no weapon or violence involved in petitioner's

21

offenses, given that the prosecution would have ended up with the same number of felony convictions, and the same or virtually the same jail time, as it obtained by virtue of the no-contest pleas to the false-pretenses charges, and, perhaps most crucially, given the grave disparity in the effective punishment imposed on the two codefendants (i.e., probation and county jail for petitioner's husband versus probation and county jail followed by deportation and exclusion from the United States for petitioner). Given the injustice of such disparate consequences, it is at least reasonably probable that the prosecution would have agreed to allow petitioner to plead to an equivalent non-aggravated felony, had such an offer been presented by trial counsel.

The devastating effect of the false-pretenses pleas on petitioner's innocent minor children would have further justified an alternative plea that would have allowed petitioner to avoid immigration consequences. (See Rules of Court, Rule 4.414(b)(5), which reflects policy of taking dependent family members into account.) Obviously, if petitioner is deported, the children will lose petitioner's financial support — at the time petitioner was taken into custody on July 25, she was the sole income earner in the family — as well as any contact with their mother. It is also significant that petitioner has never been convicted of any crime except for the instant pleas. These factors are permissible for the prosecution and the court to factor into their discretion in fashioning an appropriate plea bargain and sentence. The same factors would also insulate petitioner from any deportation proceedings initiated by the INS, if such proceedings were subject to cancellation based on the conviction being a non-aggravated felony. In contrast, the charges pled to inevitably result in mandatory deportation.

Alternatively, had petitioner known it was a certainty that her pleas would have led to deportation from the United States, she would have gone to

trial. (See, e.g., *Magana-Pizano v. INS* (9th Cir. 1999) 200 F.3d 603, 612 ["That an alien charged with a crime . . . would factor the immigration consequences of conviction in deciding whether to plea or proceed to trial is well documented."])

Defense counsel did not attempt to negotiate a plea that did not carry attendant circumstances of mandatory in deportation. This representation fell below the standard of care by virtue of counsel's failure to look seriously for an alternative to the drastic immigration consequences that the prosecution and court might accept. Trial counsel erred in failing to seek a non-deportable disposition by offering that petitioner plead to, and be appropriately sentenced on, the grand theft charges in lieu of the false-pretenses charges, thus avoiding the devastating and irreversible immigration consequences of conviction of an aggravated felony. (*United States v. Rivera-Sanchez* (9th Cir. 2001) 247 F.3d 905, 908.)

This omission on counsel's part clearly was not a tactical decision (see *Strickland, supra*, 466 U.S. at p. 687), because there was no conceivable tactical reason for not investigating the immigration consequences and communicating that information to petitioner. Had counsel consulted with an immigration lawyer, he would have been advised to seek a plea under a non-aggravated felony arrangement. (Exh. 7.) Counsel's failure to correctly advise petitioner fell below the applicable standard of care in California and should be remedied by this court.

23

## II.
## AVAILABILITY OF POST-CONVICTION RELIEF

The law is currently in a state of uncertainty regarding which post-conviction vehicles, if any, are appropriate to prevent convictions from triggering unexpected deportation of non-citizen defendants when the convictions were obtained unconstitutionally due to ineffective assistance of counsel. Three vehicles have been proposed: habeas corpus, coram nobis, and non-statutory motions to vacate under the procedures of Penal Code section 1016.5. The courts of appeal have given contradictory indications on the point. Of most significance, this Court has recently granted review to resolve these issues. Review was granted on June 23, 2007 in *People v. Villa*, S151561, and on July 25, 2007 in *People v. Kim*, S153183.

It would be clearly be a gross injustice if petitioner Kharana's petition were denied on the basis of a lack of remedy, when the very question of whether such remedies exist is currently before the Court and, obviously, could be resolved relatively soon in petitioner's favor. (I.e., *People v. Kim*, *People v. Villa*.) When the consequences of an unconstitutional conviction are as drastic and devastating as those involved here, it would be a travesty to refuse to rectify the constitutional error on the basis of a purely procedural ground, only to learn subsequently that the procedural ground was wrong.

There is little at risk here. Petitioner, now a 41-year-old woman, has been accused of crimes on only one occasion, the charged offenses were non-violent, she paid full restitution, she served her entire sentence, and there has been no recurrence of criminality of any sort. Not only has petitioner led a legally blameless life since the offenses of which she was convicted, but she has been gainfully employed and has served as the primary provider and caretaker for her minor children. The balance tips heavily in favor of exercising judicial restraint by not assuming that no remedy lies for the

24

unexpected and disastrous consequences of her pleas that have been unconstitutionally visited upon her. The Court should issue an order to show cause, or an alternative writ of mandate, and then either order full briefing or hold the case for the ruling(s) in the *Kim* and/or *Villa* case, whichever resolves the procedural issues first.

### III.
### EMERGENCY REQUEST FOR ISSUANCE OF ORDER TO SHOW CAUSE AND IMMEDIATE NOTIFICATION OF PETITIONER'S COUNSEL

While this Court normally has discretion to take up to approximately three months to rule on a petition for review, this case cannot wait. Petitioner will be deported in short order if no action is taken. In fact, she could be deported at any time now. (See Ahmad Decl. [Exh. 7], ¶ 15.)

Thus, petitioner respectfully requests that this Court issue an order to show cause on an emergency basis and that it direct the clerk to immediately notify petitioner's counsel by telephone and to fax or email him a copy of the Court's order.

### IV.
### TIMELINESS

Under principles applicable to both petitions for writs of habeas corpus and petitions for writs of error coram nobis, this petition is timely brought because it is filed as soon as practical under the circumstances and there is good cause why it was not brought at an earlier time. As noted earlier, petitioner has no legal training, and her English is unsophisticated. She was therefore not capable herself of bringing an action for habeas corpus or coram nobis, or of invoking the Court's inherent jurisdiction under the procedures of section 1016.5. Moreover, she was financially unable to hire a lawyer. She

25

had to borrow money from her immediate family to obtain the services of counsel for this petition, and that only became possible after her immigration proceedings were finally concluded in May. This petition has been brought as promptly as possible under the circumstances, and there is good cause for any delay that might be found.

Respectfully submitted this 22nd day of August, 2007.

Richard C. Neuhoff
Attorney for Petitioner
Bhupinder Kaur Kharana

## CERTIFICATE OF WORD COUNT

I, Richard C. Neuhoff, counsel for petitioner Bhupinder Kharana in the above-entitled cases, hereby certify that the Petition for Review, was produced on a computer and that the brief contains 7,633 words, according to the word count of the computer program used to prepare the petition.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this certificate was executed on August 22, 2007, at New Britain, CT.

RICHARD C. NEUHOFF

AUG 0 3 2007

KIRI TORRE
Chief Executive Officer
Superior Court of CA County of Santa Clara
BY _____ J. Miller _____ DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

In re                                    ) No.: FF196223
                                         )
    BHUPINDER K. KHARANA,                )
                                         ) ORDER
On Coram Nobis/Habeas Corpus             )
                                         )

Although Petitioner arguably states a prima facie case for relief, based on ineffective assistance of counsel, with regards to the devastating immigration consequences she now faces, (see *I.N.S. v. St. Cyr* (2001) 533 U.S. 289, 322-323, 150 L.Ed.2d 347, 375-376, text and footnotes 48 and 50; *People v. Bautista* (2004) 115 Cal.App.4th 229, 240,) this Court is unable to reach the merits of the claim. As Petitioner accurately points out, the lack of a procedural vehicle by which to address the constitutional claims presented is currently under review by our state supreme court.

The instant petition is denied without prejudice to refilling if and when the California Supreme Court issues a favorable ruling on this issue.

DATED: __3 Aug__, 2007

_____
PAUL BERNAL
JUDGE OF THE SUPERIOR COURT

cc:  Petitioner's Attorney (Richard C. Neuhoff)
     District Attorney
     Research (8-1A)
     CJIC

1



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT



AUG 1 7 2007

MICHAEL J. YEALY, Clerk

By _____
                                    DEPUTY

In re BHUPINDER KAUR KHARANA,

on Habeas Corpus.

H031899
(Santa Clara County
Super. Ct. No. FF196223)

BY THE COURT:

The petition for writ of habeas corpus is denied.

(Premo, Acting P.J., Elia, J., and Duffy, J., participated in this decision.)

Dated     **AUG 1 7 2007**          **PREMO, J.** _____ Acting P.J.

## PROOF OF SERVICE BY MAIL

I, the undersigned, declare:

I am employed in the City of New Britain, Hartford County, State of

Connecticut. I am over the age of 18 years and not a party to the within

action; my business address is 11 Franklin Square, New Britain, CT 06051-

2604. On today's date, I served the following:

PETITION FOR REVIEW AND EMERGENCY REQUEST FOR
EXPEDITED CONSIDERATION AND IMMEDIATE
NOTIFICATION

on the parties in *In re Kharana, etc.*, by placing a true copy thereof

enclosed in a sealed envelope with postage thereon fully prepaid, in the

United States mail at New Britain, CT, addressed as follows:

Clerk
Superior Court of Santa Clara County
12425 Monterey Road
San Martin, CA  95046

Office of the District Attorney
San Martin Branch
12433 Monterey Road
San Martin, CA 95046

Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

Mr. Paolo Raffaelli
841 Malone Road
San Jose, CA 95125-2640

Clerk, California Court of Appeal
333 West Santa Clara St. Suite 1060
San Jose, CA 95113

I declare under the penalty of perjury that the foregoing is true and

correct, and that this declaration was executed on August 22, 2007, at New

Britain, CT 06051.

RICHARD C. NEUHOFF