SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6730
    FAX: (415) 436-6927

Attorneys for Respondents

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BHUPINDER KAUR KHARANA, ) <br> ) <br>               Petitioner, ) <br> ) <br> v. ) <br> ) <br> MICHAEL CHERTOFF, et al., ) <br> ) <br>              Respondents. ) <br> _____ ) | No. C 07-4754 TEH <br><br><br><br> GOVERNMENT'S RETURN |

## I.  INTRODUCTION

Petitioner Bhupinder Kaur Kharana ("Petitioner") petitions the Court to remedy her alleged unlawful detention. She admits that the Ninth Circuit Court of Appeals has denied her petition for review, but nonetheless argues that her removal should have been stayed because she is currently challenging her conviction in state court. Petitioner's claims fail because the Court lacks jurisdiction to consider what is blatantly a challenge to her order of removal. In addition, immigration courts cannot review the merits of underlying convictions. Accordingly, even if the Court has subject matter jurisdiction, the Court should decline to relitigate the merits of Plaintiff's convictions.

## II.  BACKGROUND

In 2001, Petitioner pled no contest to obtaining money by false pretenses, in violation of California Penal Code § 532, and destroying property of a value in excess of $50,000. Exh. A. As

a result of that conviction, she came to the attention of Immigration and Customs Enforcement ("ICE"). Exh. B. Upon her release from state prison in 2003, ICE took custody of her and initiated removal proceedings. Exh. C. ICE alleged that Petitioner was subject to removal pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony. Id.

On March 21, 2003, ICE informed Petitioner of its decision to deny her petition for naturalization based on her false testimony and lack of good moral character. Exh. D. Petitioner apparently did not pursue an administrative appeal of that decision. On September 3, 2003, ICE determined that Petitioner should be held in custody for the pendency of the removal proceedings. Exh. E. The Board of Immigration Appeals ("BIA") affirmed the immigration judge's subsequent decision that she was removable as charged. Exh. F. On May 29, 2007, the Ninth Circuit Court of Appeals affirmed the BIA. Kharana v. Gonzales, 487 F.3d 1280 (9th Cir. 2007). Petitioner was removed from the United States on September 14, 2007.

### III.   ANALYSIS

#### A.   THE COURT'S REVIEW IS CONFINED TO PURE ISSUES OF DETENTION

On May 11, 2005, the President signed into law the "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005," Pub. L. No. 109-13, 119 Stat. 231. Division B of the Act consists of the "REAL ID Act." Section 106 of the REAL ID Act amends a portion of 8 U.S.C. § 1252, and clarifies the scope of judicial review of removal orders. Pursuant to section 106, a petition for review to the court of appeals is the exclusive means of review of an administrative order of removal, deportation, or exclusion. REAL ID Act § 106(a).

The REAL ID Act allows habeas review only over challenges to detention that are independent of challenges to removal. See H.R. Rep. No. 109-72 (2005), reprinted in 2005 U.S.C.C.A.N. 240, 300 (stating "section 106 would not preclude habeas review over challenges to detention that are independent of challenges to removal orders. Instead, the bill would eliminate habeas review only over challenges to removal orders.") (emphasis added). Here, Petitioner has been found removable as an alien convicted of an aggravated felony. See Exh. A; Kharana, 487 F.3d at 1284. To the extent she challenges her removal based on that conviction, her claims are barred

1  because a decision in her favor would effectively be a ruling on Petitioner's removability. Under
2  the REAL ID Act, such decisions are beyond the bounds of the Court's jurisdiction. REAL ID Act
3  § 106.
4      Petitioner couches her claim as a challenge to the validity of her conviction on the basis of
5  ineffective assistance of counsel. Petition, p. 3. The Ninth Circuit recently held that an alien may
6  raise an ineffective assistance of counsel claim in the context of a habeas petition where the alleged
7  ineffective assistance occurs after the issuance of a final order of removal, and will "lead to nothing
8  more than 'a day in court'" for the petitioner. Singh v. Gonzales, – F.3d –, 2007 WL 2406862, at
9  *7 (9th Cir. Aug. 24, 2007). Here, Petitioner alleges that in 2001, long before the issuance of a final
10 order of removal, her criminal attorney provided her with ineffective assistance. Moreover, the
11 Ninth Circuit's holding applies only to ineffective assistance on counsel in the immigration
12 proceeding, and not, as Petitioner alleges, to ineffective assistance of counsel in other forums. Id.
13 Accordingly, her claim does not fall into this narrow exception to the REAL ID Act, and the Court
14 lacks jurisdiction to consider her challenge to removal.
15     B.    PETITIONER WAS LAWFULLY REMOVED
16     Even if the Court has subject matter jurisdiction, Petitioner's claim fails. First, the Ninth
17 Circuit's decision precludes Petitioner from relitigating whether she is removable as an aggravated
18 felon. Nunes v. Ashcroft, 375 F.3d 805, 809 (9th Cir. 2004). Accordingly, any subsequent decision
19 by the Supreme Court of California is irrelevant. Moreover, it has long been established that
20 immigration courts are bound by the record of conviction, and that they may not retry the criminal
21 offenses underlying the charges of removal. Matter of Garcia, 11 I&N Dec. 521 (BIA 1966); Matter
22 of S–R–, 6 I&N Dec. 405 (BIA 1954). Simply put, Petitioner cannot challenge her removal by
23 challenging the validity of the underlying conviction. See, e.g., Chavez-Perez v. Ashcroft, 386 F.3d
24 1284, 1292-93 (9th Cir. 2004) (holding, in the context of first offender drug expungement, that DHS
25 does not have an obligation to wait until conviction is expunged to proceed with removal). Here,
26 as in Chavez-Perez, when Petitioner was removed, she "unquestionably had suffered a conviction
27 on [her] record that supported [her] removal." Id. at 1293.
28 ///

### IV.   CONCLUSION

For the foregoing reasons, Respondents respectfully request the Court to deny the Petition for a Writ of Habeas Corpus.

Dated: October 22, 2007

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney


_____/s/_____
MELANIE L. PROCTOR
Assistant U.S. Attorney
Attorneys for Respondents