# EXHIBIT C

U.S. Department of Justice
Immigration and Naturalization Service

**Notice to Appear**

**In removal proceedings under section 240 of the Immigration and Naturalization Act**

**File No: A 40 052 358**

In the Matter of:

Respondent: **KHARANA, Bhupinder Kaur** AKA KHARANA, Bhupinder

currently residing at: **IN SERVICE CUSTODY**
(Number, street, city, state and ZIP code) (Area code and phone number)

You are an arriving alien.

You are an alien present in the United States who has not been admitted or paroled.

✔ You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

Received
Department of Justice
MAR 2 4 2003
Executive Office for Immigration Review
Immigration Court
San Francisco, California

**PLEASE SEE ATTACHED CONTINUATION SHEET FOR ALLEGATIONS**

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

**PLEASE SEE ATTACHED CONTINUATION SHEET FOR CHARGES**

This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

Section 235(b)(1) order was vacated pursuant to: 8 CFR 208.30(f)(2) 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice

**to be calendared and notice provided by the Executive Office of Immigration Review**
(Complete Address of Immigration Court, Including Room Number, if any)

on ***to be set*** (Date) at ***to be set*** (Time) to show why you should not be removed from the United States based on the charge(s) set forth above.

[signature]
(Signature and Title of Issuing Officer)

Date: **02-27-2003**

**San Jose, California**
(City and State)

***See reverse for important information***

U.S. Department of Justice
Immigration and Naturalization Service

**Cc   iuation Sheet for Notice to Appear**

FILE NUMBER: **A40 052 358**

Respondent: **KHARANA, Bhupinder Kaur** AKA KHARANA, Bhupinder

***Allegations continued:***

1. You are not a citizen or national of the United States.

2. You are a native of **INDIA** and a citizen of **INDIA**.

3. You were admitted to the United States at San Francisco, California on May 21 [handwritten: 11], 1907 [handwritten: 8] as a Immigrant (C2-1).

4. You were, on December 14, 2001, convicted in the Superior Court of California, in and for the County of Santa Clara, on four (4) counts, for the offense of OBTAINING MONEY OR PROPERTY BY FALSE PRETENSES, in violation of Section 532 of the California Penal Code.

5. For that offense, you were sentenced to confinement for a period of one (1) year.

**Charges continued:**

Section 237(a)(2)(A)(iii) of the of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(G) of the Act.

Signature

Title

**Assistant Officer-In-Charge**

FORM I-831(Rev 4-1-97)N

**one** of Page(s)

# Notice to Respondent

**Warning: Any statement you make may be used against you in removal proceedings.**

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

**Request for Prompt Hearing**

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

x Bhupinder Khangura
(Signature of respondent)

Before: A. Feliz D.E.O.
(Signature and title of INS officer)

Date: MAR 21 2000

**Certificate of Service**

This Notice to Appear was served on the respondent by me on MAR 21 2000 (date), in the following manner and in compliance with section 239(a)(1)(F) of the Act:

X in person    by certified mail, return receipt requested    by regular mail

X A list of providers of free legal services has been given to the respondent.

X The alien was provided oral notice in the ENGLISH language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

x Bhupinder Khangura
(Signature of respondent if personally served)

A. Feliz D.E.O.
(Signature and title of officer)

**U.S. Department of Justice**
Immigration and Naturalization Service

**Additional Charges of Inadmissibility/Deportability**

**In:** ☒ **Removal proceedings under section 240 of the Immigration and Nationality Act**

☐ **Deportation proceedings commenced prior to April 1, 1997 under former section 242 of the Immigration and Nationality Act**

**In the Matter of:**

Alien/Respondent: **KHARANA, Bhupinder Kaur**

File No: **A40 052 358** Address: **In U.S. Department of Homeland Security Custody**

There is/are hereby lodged against you the additional charge(s) that you are subject to being taken into custody and deported or removed from the United States pursuant to the following provision(s) of law:

6/18/07

Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act (Act), as amended, in that you are an alien who has been convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime.

Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (Act), as amended, in that you are an alien who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act.

In support of the additional charge(s) there is submitted the following factual allegation(s) ☒ in addition to ☐ in lieu of those set forth in the original charging document:

6. On June 22, 2000, you departed the United States.
7. On July 17, 2000, you arrived in the United States at Los Angeles International Airport.
8. On July 17, 2000, you were not in possession of your I-551 (Permanent Resident Card) and your entry into the United States was deferred.
9. You are an arriving alien.

Date: 03/26/03

(Signature of Service Counsel)

**,itional allegations (continued):**

**Notice to Respondent**

**Warning: Any statement you make may be used against you in removal proceedings.**

**Alien registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of you hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have the opportunity to present evidence on your on behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

**Certificate of Service**

This charging document was served on the respondent by me on ___________, in the following manner and in

Compliance with section 239(a)(1)(F) of the Act:

☐ in person ☐ by certified mail, return receipt requested ☐ by regular mail

To
:

**(Alien's address)**

☐ The alien was provided oral notice in the _____________ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

(Signature of Respondent if Personally Served)

(Signature and Title of Officer)

U.S. Department of Justice
Immigration and Naturalization Service

**Additional Charges of Inadmissibility/Deportability**

In: ☒ **Removal proceedings under section 240 of the Immigration and Nationality Act**

☐ **Deportation proceedings commenced prior to April 1, 1997 under former section 242 of the Immigration and Nationality Act**

**In the Matter of:**

Alien/Respondent: Bhupinder Kaur KHARANA

File No: 40 052 358 Address: c/o Saad Ahmad, Esq.

There is/are hereby lodged against you the additional charge(s) that you are subject to being taken into custody and deported or removed from the United States pursuant to the following provision(s) of law:

Section 237(a)(2)(A)(iii) of the INA, as amended, in that at any time after admission you have been convicted of an aggravated felony as defined in Section 101(a)(43)(M)(i) of the Act.

In support of the additional charge(s) there is submitted the following factual allegation(s) ☐ in addition to ☐ in lieu of those set forth in the original charging document:

Dated: 19 June 2003

[signature] ADC
(Signature of Service Counsel)

Form I-261(Rev 4/1/97)N

# EXHIBIT D



**Direct all responses by mail to the office listed below:**
IMMIGRATION AND NATURALIZATION SERVICE
1887 Monterey Highway
San Jose, California 95112-6117

**U.S. Department of Justice**
***Immigration and Naturalization Service***

---

Bhupinder Kaur Kharana
*In Service Custody*

**Refer to App ID No.:**
**Refer to Alien No. :** A40052358
**Date:** March 21, 2003

## DECISION

On September 8, 1993, you filed an application for naturalization pursuant to Section 316(a) of the Immigration and Nationality Act, and on September 15, 1994, you appeared for an examination on your application.

Section 316.10(a)(1), Title 8, Code of Federal Regulations, provides that:

*An applicant for naturalization bears the burden of demonstrating that, during the statutorily prescribed period he or she has been and continues to be a person of good moral character as required by Section 316(a) of the Immigration and Nationality Act...*

Section 316.10(a)(2), Title 8, Code of Federal Regulations further states:

*In accordance with Section 101(f) of the Act, the Service shall evaluate claims of good moral character on a case-by-case basis taking into account the elements enumerated in this section and the standards of the average citizen in the community of residence. The Service is not limited to reviewing the applicant's conduct during the five years immediately preceding the filing of the application, but may take into consideration, as a basis for its determination, the applicant's conduct and acts at any time prior to that period. If the conduct of the applicant during the statutory period does not reflect that there has been reform of character from an earlier period or if the earlier conduct and acts appear relevant to a determination of the applicant's present moral character.*

Title 8 of the Code of Federal Regulations, Section 316.10 (b) (vi) provides in pertinent part:

*Has given false testimony to obtain any benefit from the Act, if the testimony was made under oath or affirmation and with an intent to obtain an immigration benefit...in the sense that if given truthfully it would have rendered ineligible for benefits either the applicant...*

The record reflects that you entered the United States as a C2-1, Conditional Entrant Spouse of a Permanent Resident. On June 13, 1999, you submitted Form I-751, Joint Petition to Remove the Conditional Basis of Alien's Permanent Resident Status, which was approved on July 13, 1989. An investigation of your application has revealed that you did not have a bona fide marital relationship with the petitioner at that time.

As you have given false testimony, under oath, in order to obtain a benefit from the Act, this Service may not find you to be a person of good moral character. Therefore your application for naturalization must be, and hereby is, denied.

Also, Section 101(a)(43) of the Act states in pertinent part that:

*The term "aggravated felony", means...(D) an offense described in section 1956 of title 18, United States Code...or section 1957 of that title (relating to engaging in monetary transactions in property derived from specific unlawful activity) if the amount of the funds exceeded $10,000...*

In addition, Section 101(a)(48) of the Act states in pertinent part that:

*(A) The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court.... (B) Any reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part.*

Further, Section 316.10(b)(1) of Title 8, Code of Federal Regulations states in pertinent part that:

*An applicant shall be found to lack good moral character, if the applicant has been:...ii) Convicted of an aggravated felony as defined in section 101(a)(43) of the Act on or after November 29, 1990.*

Section 321(c) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA),Public Law 104-208, enacted on September 30, 1996, states in pertinent part:

*The amendments made by this section shall apply to action taken or after the date of the enactment of the Act, regardless of when the conviction occurred...*

In examining your application for naturalization, documents were submitted from the Superior Court of California, County of Santa Clara which reflects that you were convicted of four counts of PC 532, obtaining money or property by false pretenses, and PC 12022.6, took/damaged and destroyed property of a value exceeding $50,000 dollars, and sentenced on September 20, 2002 to confinement for a period of one year. Since you have been convicted of an aggravated felony, you are barred from naturalization.

For the reasons stated above, you do not meet the requirements for naturalization and your application must be, and hereby is, denied.

ail

358

3

If you decide to request a review hearing on this decision pursuant to Section 336(a) of the Act, you must file a request for hearing within 30 days of this notice (33 days if received by mail). A request for hearing may be made to the District Director of the Immigration and Naturalization Service at the above address on the enclosed Form N-336, Request for Hearing on a Decision in Naturalization Proceedings Under Section 336 of the Act, together with a fee of $195.00. A brief or other written statement in support of your request may be submitted with the Form N-336. If no request for hearing is filed within the time allowed, this decision is final.

Sincerely,

David N. Still
Interim District Director

Enclosure

# EXHIBIT E

**U.S. Department of Homeland Security**
Bureau of Immigration & Customs Enforcement

**Notice of Custody Determination**

File No.: **A40 052 358**
Date: September 3, 2003

**KHARANA, Bhupinder Kaur**

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that pending a final determination by the immigration judge in your case, and in the event you are ordered removed from the United States, until you are taken into custody for removal, you shall be:

☐ detained in the custody of this Service.

☒ released under bond in the amount of $ **NO BOND**

☐ released on your own recognizance.

☒ You may request a review of this determination by an immigration judge.

☐ You may not request a review of this determination by an immigration judge because the Immigration and Nationality Act prohibits your release from custody.

(Signature of authorized officer)
Craig S. Meyer
Supervisory Detention & Deportation Officer
(Title of authorized officer)

San Francisco, California
(INS office location)

☒ I do ☐ do not request a redetermination of this custody decision by an immigration judge.

☐ I acknowledge receipt of this notification.

X Bhupinder Kharana. (Signature of respondent)

September 3, 2003
(Date)

**RESULT OF CUSTODY REDETERMINATION**

On ______________, custody status/conditions for release were reconsidered by:

☐ Immigration Judge ☐ District Director ☐ Board of Immigration Appeals

The results of the redetermination/reconsideration are:

☐ No change – Original determination upheld.
☐ Detain in custody of this Service.
☐ Bond amount reset to $__________.
☐ Release - Order of Recognizance
☐ Release - Personal Recognizance
☐ Other: ______________

(Signature of officer)

EXHIBIT E

**U.S. Department of Justice**
Executive Office for Immigration Review

Falls Church, Virginia 22041

Decision of the Board of Immigration Appeals

---

File: A40 052 358 - San Francisco Date: MAR - 3 2004

In re: BHUPINDER KAUR KHARANA a.k.a. Bhupinder Kharana

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Saad Ahmad, Esquire

ON BEHALF OF DHS: Larry J. Gallagher
Assistant Chief Counsel

CHARGE:

Notice: Sec. 237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] - Convicted of aggravated felony (withdrawn)

Lodged: Sec. 212(a)(2)(A)(i)(I), I&N Act [8 U.S.C. § 1182(a)(2)(A)(i)(I)] - Crime involving moral turpitude (withdrawn)

Sec. 212(a)(7)(A)(i)(I), I&N Act [8 U.S.C. § 1182(a)(7)(A)(i)(I)] - Immigrant - no valid immigrant visa or entry document (withdrawn)

Sec. 237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] - Convicted of aggravated felony

APPLICATION: Termination of proceedings

The respondent has timely appealed from an Immigration Judge's decision dated September 24, 2003. The Immigration Judge denied the motion to terminate in an amended order dated September 23, 2003. He found the respondent removable as charged and ordered her removed to India. The appeal will be dismissed.

The respondent is a 38-year-old native and citizen of India, who entered the United States on May 11, 1987, as a lawful permanent resident. She attempted to enter the United States on July 17, 2000, and a Notice to Appear (Form I-862) was issued on February 27, 2003, but the charges were withdrawn. On March 26, 2003, additional charges of Inadmissibility/Deportability were issued (Form I-261), which were subsequently withdrawn. On June 19, 2003, additional charges were issued (Form I-261). The record reveals that the respondent was convicted on a plea of guilty on December 14, 2001, in the Superior Court in and for the County of Santa Clara, of four counts

of obtaining money or property by false pretenses in violation of section 532 of the California Penal Code. She was sentenced to 1 year in prison and 3 years probation on July 22, 2002. She was resentenced on May 21, 2003.

The Immigration Judge found the respondent had been convicted of an aggravated felony, fraud involving loss to the victims of over $10,000. Section 101(a)(43)(M) of the Act, 8 U.S.C. § 1101(a)(43)(M). On appeal, the respondent argues that the full restitution prior to sentencing prevents her from being an aggravated felon under section 101(a)(43)(M)(i) of the Act. She argues that loss to a victim or victims is measured at the time a person is sentenced by the criminal judge and not when he or she pleads guilty. She also questions whether a person can be considered convicted of an aggravated felony prior to being sentenced by a criminal judge.

We find the respondent is removable as charged. The Ninth Circuit has held that where the plea agreement cites to a specific amount of loss ($600), a pre-sentence report cannot be used to show the actual loss was $30,000. *Chang v. INS*, 307 F.3d 1185 (9th Cir. 2002); *cf. Khalayleh v. INS*, 287 F.3d 978 (10th Cir. 2002) (loss included total amount of checks where pled guilty to indictment alleging participation in check-kiting scheme). However, in the case cited the time of estimation of the loss to victims was the time of the plea or judgment, not the time of sentencing. The provision of the Act at issue, section101(a)(43)(M), does not mention sentencing and the length of the sentence or the terms of the sentence do not matter in deciding if the alien has been convicted of an aggravated felony under this provision. Therefore, the provisions of the Federal Sentencing Guidelines also are not relevant here.

Respondent has argued that under *Perez v. Elwood*, 294 F.3d 552 (3d Cir. 2002), following the IIRIRA, a conviction occurs when the sentence is imposed. Section 101(a)(48)(A) of the Act. Respondent was sentenced to 1 year on each count to run concurrently. By the time of the sentencing, respondent had returned all moneys in dispute. Therefore, she argues, there was no loss to the victims. Even if under IIRIRA a conviction does not occur until the respondent has been sentenced, the respondent in this case has been sentenced to a term of imprisonment, which satisfies the terms of the statute. The respondent is confusing the fact of a conviction with the calculation of loss for purposes of ordering restitution or enhancement of a sentence. Restitution does not change the nature of the crime or the fact that loss did occur. Nor is it necessary that any actual loss have occurred for the respondent to have been convicted of an aggravated felony. *Matter of Onyido*, 22 I&N Dec. 552 (BIA 1999) (alien unsuccessfully attempted to obtain $15,000 from an insurance company by fraud).

Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.

[signature]

FOR THE BOARD