IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BHUPINDER KAUR KHARANA, | § | |
| Petitioner, | § | 3:07-cv-04754-TEH |
| v. | § | |
| MICHAEL CHERTOFF, SECRETARY DEPT. OF HOMELAND SECURITY, ET AL., | § | PETITIONER'S TRAVERSE |
| Respondents | § | |

PETITIONER'S TRAVERSE

Petitioner, Bhupinder Kaur Kharana, by and through undersigned counsel, filed a Petition For Writ of Habeas Corpus Pursuant on September 14, 2007. On October 22, 2007, the Respondents, through counsel, filed their "Government's Return." This Traverse responds to that filing.

The Respondents' *Return* alleges that the Petitioner's "claim fails because the Court lacks jurisdiction to consider what is blatantly a challenge to her order of removal." "To the extent she challenges her removal based on [her] conviction," the Government continues, "her claims are barred because a decision in her favor would effectively be a ruling on Petitioner's removability. Under the REAL ID Act, such decisions are beyond the bounds of the Court's jurisdiction." *Id., pg. 3*. Additionally, the Respondents, through counsel, allege that the Ninth Circuit's decision in *Singh v. Gonzales*, 499 F.3d 969 (9th Cir. 2007) "applies only to ineffective assistance of counsel in the immigration proceeding, and not, as Petitioner alleges, to ineffective assistance of counsel in other forums." *Id.*

1

In *Singh v. Gonzales,* the Ninth Circuit "consider[ed] a question of first impression- whether the REAL ID Act precludes habeas review of IAC claims that arise from an attorney's failure to file a timely petition for review of the BIA's decision." *Id., at* 975. In order to make this determination, the Court was obliged to determine "whether Singh's second IAC claim is a claim that seeks review of a final order of removal within the meaning of § 1252." *Id., at 979.* The Court observed that "[a]t the time Lawyer 2 filed the late petition for review before this court, the removal order against Singh had become final. The alleged ineffective assistance of Lawyer 2 occurred after the issuance of the final order of removal." *Id.*

Critical to the Court's decision in *Singh* was the fact that the Petitioner's ineffective assistance claim was not viewed as a direct challenge to the underlying order of removal. The Court found that because "a successful habeas petition in this case will lead to nothing more than 'a day in court' for Singh, which is consistent with Congressional intent underlying the REAL ID Act…Singh's second IAC claim cannot be construed as seeking judicial review of his final order of removal, notwithstanding his ultimate goal or desire to overturn that final order of removal." *Id.* Although the REAL ID Act restricted judicial review for criminal aliens, it did "not preclude habeas review over challenges to detention that are independent of challenges to removal orders. Instead, the bill would eliminate habeas review only over challenges to removal orders." H.R. Report NO. 109-13, H.R. REP. 109-72, H.R. Rep. No. 72, 109th Cong., 1st Sess. 2005, 2005 U.S.C.C.A.N. 240, 2005 WL 1848528, P.L. 109-13 (May 3, 2005).

The Petitioner, Bhupinder Kaur Kharana is a native and citizen of India who acquired lawful permanent residence in 1987. On May 29, 2007, the Ninth Circuit Court of Appeals denied Ms. Kharana's petition for review in a published opinion, *Kharana v. Gonzales,*

487 F.3d 1280 (9th Cir. 2007). At this time, her case remains pending before the Supreme Court of California on a petition for review from the denial of a petition for writ of habeas corpus based on the ineffective assistance of her former counsel. It should be noted that the sole basis for the Court's denial of her writ of habeas corpus was the fact that the Court deemed that it lacked the authority to adjudicate the merits of her petition, an issue that is also pending before the California Supreme Court. Thus, upon resolution of the issue by the Court, the Petitioner may be eligible to have her conviction set aside due to ineffective assistance of counsel. It is beyond dispute that her attorney misadvised her as to the consequences of her plea.

This ineffective assistance of counsel does not relate to the final order of removal because it challenges the validity of the Petitioner's conviction. To be sure, the conviction is the centerpiece or basis for the removal order; however, the removal order has received, in a manner of speaking, all of the review it lawfully can before the Circuit Court. Thus, "notwithstanding his ultimate goal or desire to overturn that final order of removal," the Court has jurisdiction to adjudicate the instant habeas petition. *Singh, at* 979. The question of significance is what remedy this Court can provide for the Petitioner, who has already been removed to India.

California P.C. §1016.5(a) provides that "[p]rior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, except offenses designated as infractions under state law, the court shall administer the following advisement on the record to the defendant:

> If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

3

If "the court fails to advise the defendant as required b this section" and the individual demonstrates that the conviction of the offense "may have the consequences for the defendant of deportation, exclusion from admission to the laws of the United States, the court, on defendants' motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilt or nolo contendere, and enter a plea of not guilty."  P.C. §1016.5(b).

With this provision, the Legislature "sought to address" the problem of a defendant's "entering a plea of guilty or nolo contendere without knowing about its adverse immigration consequences…The evil targeted, thus, is not simply a defendant's lack of knowledge, but his or her lack of knowledge at a specified critical juncture.  Such an evil cannot be corrected by provision of the required information after the critical juncture has passed." *People v. Superior Court (Zamudio),* 23 Cal. 4th 183, 209, 96 Cal. Rptr. 2d 463, 481 (Cal. 2000).  The California Supreme Court compared this to the advisals of the right to counsel, stating that it was "meant to ensure defendant is aware 'at the time he pleads guilty.'"  *Id., citing In re Martinez* (1959) 52 Cal. 2d 808, 814.

Of course, the Petitioner had counsel in the criminal proceeding, who unfortunately, advised her that there would not be any significant negative immigration consequences.  This, of course, was not true.  As noted in the Petitioner's habeas petition, Ms. Kharana was charged with four (4) counts of grand theft and (4) counts of obtaining money by false pretenses.  Her former counsel advised her to enter a plea to the four false pretenses counts and assured her that she would not be removed by doing so. In reality, the reverse was true– had she plead to the four theft counts (as opposed to the false pretenses counts), she would

4

not necessarily have been deemed an aggravated felon[1] and would have been eligible to seek relief from removal under 8 U.S.C. §1229b(a) (cancellation of removal for permanent residents).

In view of the above, the Petitioner requests that the Honorable Judge grant the petition and order the Petitioner returned to the United States pending conclusion of the California Supreme Court's review and decision.

I remain, respectfully yours,


/s/ Martin Resendez Guajardo

_____
MARTIN RESENDEZ GUAJARDO
Counsel for the Petitioner
P.O. Box 2087
San Francisco, California 94126
T: (415) 398–3852
F: (415) 296–8730

---

[1] Counsel would have had to negotiate a 364 day sentence, as opposed to 365 days and thus, not come within the aggravated felony provision at 8 U.S.C. 1101(a)(43)(G) ("a theft offense…for which the term of imprisonment is at least 1 year"). The provision under which she was removed, 8 U.S.C. §1101(a)(43)(M)(i) has no explicit term of imprisonment requirement, thus, negotiating a lower sentence for the false pretences charges would have been of no consequence.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 16th of November 2007 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Ms. Melanie Lea Proctor, Esquire
United States Attorney's Office
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495
T: (415) 436-6730
F: (415) 436-6927
Melanie.Proctor@usdoj.gov


/s/ Martin Resendez Guajardo

_____
MARTIN RESENDEZ GUAJARDO
Attorney for Petitioner