IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BHUPINDER KAUR KHARANA,

Petitioner,

v.

MICHAEL CHERTOFF et al.,

Respondents.

NO. C07-04754 TEH

ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

On Friday September 14, 2007, Petitioner Bhupinder Kaur Kharana filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Having carefully reviewed the parties' papers and the record herein, the Court DENIES the petition for a writ of habeas corpus.

**BACKGROUND**

Until her recent deportation to India, Ms. Kharana was a lawful permanent resident of the United States who had resided here since 1987. In December 2001, Ms. Kharana and her husband, a United States citizen, were arrested and charged with eight felonies in connection with an internet business they operated, including four counts of grand theft and four counts of obtaining money by false pretenses. After the initial charges the two defendants paid full restitution of approximately $80,000 to the victims of their crimes. Based on the advice of her criminal defense counsel, Ms. Kharana agreed to accept a plea deal offered by the prosecution where she would plead no contest to four counts of obtaining money by false pretenses, and the state would dismiss the four counts of grand theft. Ms. Kharana did so and received a one-year suspended sentence in the county jail and three years probation. In 2005, Ms. Kharana completed her three year probationary period without incident.

On July 25, 2007, immigration authorities took Ms. Kharana into custody for violating section 237(a)(2)(A)(iii) of the Immigration and Nationality Act. Under the Act, a lawful

1  permanent resident, such as Ms. Kharana, is automatically deportable if convicted for an
2  aggravated felony anytime after admission. *Matter of Rosas*, 22 I & N Dec. 616 (B.I.A.
3  1999). A crime of fraud or deceit in which the loss to the victim or victims exceeds $10,000
4  constitutes an aggravated felony under the statute. 8 U.S.C. § 1101(a)(43)(M)(i). Ms.
5  Kharana became automatically deportable when she entered her plea in criminal court to four
6  counts of obtaining money by false pretenses with a loss to the victims of $80,000. An
7  immigration judge entered the deportation order based on her no contest plea to a crime that
8  constitutes an aggravated felony. Ms. Kharana filed a timely appeal to the Board of
9  Immigration Appeals ("BIA") arguing that because she paid full restitution, there was no loss
10 to the victim or victims in excess of $10,000. The Third Circuit had already held that the
11 amount of the loss, rather than the amount of the restitution, was controlling in this analysis,
12 but the Ninth Circuit had yet to decide that issue. *Munroe v. Ashcroft*, 353 F.3d 225 (3d Cir.
13 2003). In a published opinion, the Ninth Circuit agreed with the Third Circuit that despite
14 the fact that Ms. Kharana had paid almost $80,000 in restitution, she had still caused
15 damages in excess of $10,000 to her victims for the purposes of determining whether she
16 committed an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i). *Kharana v. Gonzales*,
17 487 F.3d 1280 (9th Cir. 2007).

18          After the Ninth Circuit denied her appeal, Ms. Kharana attempted to collaterally
19 attack her criminal conviction in several ways. In Santa Clara Superior Court, Ms. Kharana
20 filed a Petition for a Writ of Habeas Corpus, or alternatively, a Petition for a Writ of Error
21 Coram Nobis, or alternatively, a Motion to Vacate the Judgment based on the theory that her
22 criminal defense attorney had provided ineffective assistance of counsel ("IAC") when he
23 failed to advise her of the immigration consequences that would result from her plea of no
24 contest to obtaining money by false pretenses. The Superior Court found that Ms. Kharana
25 made a prima facie case to support her claim of ineffective assistance, but dismissed her case
26 because her petition raised a number of unsettled issues of law that the California Supreme
27 Court recently agreed to review in two other cases. The court reasoned that Ms. Kharana
28 should wait until the high court resolved the issue, and if it did so in her favor, she would not

2

be barred from refiling her motions, as they were dismissed without prejudice. Ms. Kharana appealed the decision to the Sixth District Court of Appeal which denied her appeal. After temporarily exhausting her remedies in state court, Ms. Kharana filed the petition for a writ of habeas corpus at issue here.

**ANALYSIS**

**I.   Jurisdiction**

In 2005, Congress passed the REAL ID Act to limit the immigrant's access to habeas relief. Pub. L. No. 109-13, 119 Stat. 231, Div. B § 106 (May 11, 2005). The Act strips the district court of jurisdiction to review removal orders entered in immigration court.[1] *Id.* Now only circuit courts can review administrative orders of removal. *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 928-29 (9th Cir. 2005). This change prevents aliens from disputing the removal order more than once. *Singh v. Gonzales*, 499 F.3d 969, 977 (9th Cir. 2007) The REAL ID Act's legislative history, however, makes it clear that the law does not preclude habeas review by a district court when the petitioner is challenging a detention that arose independent of the removal order. H.R. Cong. Rep. No. 109-72 at 175, 151 Cong. Rec. H2836, 2873 (May 3, 2005). *See e.g. Puri v. Gonzales*, 464 F.3d 1038, 1041 (9th Cir. 2006) (holding that the REAL ID Act does not strip the district court of jurisdiction when the "claim is not a direct challenge to an order of removal"); *Kumarasamy v. Att'y Gen.*, 453 F.3d 169, 172 (3d Cir. 2006) (finding that an alien is not challenging the removal order itself when he disputes the legality of his removal because he claims to have not received the deportation notice); *Madu v. U.S. Att'y Gen.,* 470 F.3d 1362, 1366 (11th Cir. 2006) (determining that the REAL ID Act does not strip jurisdiction when a petitioner "contests the very existence of an order of removal"). Thus, on a § 2241 habeas, the district court's first

---

[1] The law used to distinguish between deportation (aliens physically present in the United States that the INS wanted to remove) and exclusion (aliens at the border seeking entry and those physically in the country, but who through legal fiction remained at the border) proceedings. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") combined the two proceedings and called them "removal proceedings." *Singh*, 499 F.3d at 976.

3

1 inquiry is whether the petitioner is challenging the removal order itself or whether the
2 challenge arose independently.

3 Ms. Kharana disputed the validity of her removal order by appealing the San
4 Francisco Immigration Court's order to the BIA and then to the Ninth Circuit. Once the
5 Ninth Circuit determined that Ms. Kharana's plea did classify her as an aggravated felon
6 under INA § 237(a), the immigration court's issuance of the removal order became final. If
7 Ms. Kharana were again trying to challenge that order's validity, her petition would be
8 barred by the REAL ID Act as it would fall into the exact situation Congress was attempting
9 to prevent. But she is not.

10 Rather, Ms. Kharana is challenging a conviction that arose completely independent of
11 that proceeding that deemed her deportable. Ms. Kharana argues that her counsel at a state
12 criminal proceeding, completely independent of that where the administrative judge in the
13 immigration court determined she was removable, was ineffective. This argument is
14 indistinguishable from that made in *Singh v. Gonzales*, where the Ninth Circuit determined
15 that the petitioner's challenge was not barred as it was not a challenge to a removal order.
16 *Singh*, 499 F.3d at 979.

17 In *Singh*, an immigration court judge ordered Singh removable and the BIA affirmed.
18 *Id.* at 972-973. In response, Singh hired three additional lawyers and appealed the BIA's
19 decision to the Ninth Circuit twice, filed a motion for the BIA to reopen the case, and
20 petitioned the district court to issue a writ of habeas corpus based on the alleged ineffective
21 assistance of counsel he received from all of his attorneys at various times. *Id.* at 972-976.
22 The court explicitly considered whether the REAL ID Act prevents habeas review of IAC
23 claims arising from an attorney's failure to file a timely petition for review of the BIA's
24 decision to make the removal order final. *Id.* at 975. The court held that because Singh
25 sought to challenge his lawyer's failure to *appeal* the removal order, that could not be the
26 same as challenging the judge's determination that he was deportable, "notwithstanding his
27 ultimate goal or desire to overturn that final order of removal." *Id.* at 979. Similarly, Ms.
28 Kharana is challenging her lawyer's failure to give her sound legal advice at a criminal

4

proceeding in a state court, which cannot be the same as challenging the immigration court's determination that she is removable as an aggravated felon.

The Ninth Circuit rejected the government's argument that because a decision in Ms. Kharana's favor would "effectively be a ruling on petitioner's removability" she is therefore challenging her removal order in *Singh,* when it held that the fact that a person's ultimate goal is to overturn the final order of removal does not make the independent challenge a dispute over the removal order. *Id.*

The Court is similarly unpersuaded by the government's claim that *Singh's* holding is limited to situations where the ineffective assistance occurred in an immigration proceeding. The Ninth Circuit did not place this limit on its holding, and this Court sees no valid reason to impose such a restriction here.

Finally, *Singh* is not limited to situations in which the ineffective assistance claim arose *after* the issuance of the removal order. In *Singh*, the Ninth Circuit did not rely on the fact that the IAC arose after the removal order was issued to determine that the district court had jurisdiction to hear his § 2241 habeas petition. Therefore, nothing indicates that *Singh* should be limited in that manner.

The Court has jurisdiction to review Ms. Kharana's habeas petition claiming that she did not receive effective assistance of counsel during her state court criminal trial because that challenge arose independently of her removal order.

## II. Merits of Ms. Kharana's § 2241 Habeas Petition

Ms. Kharana alleges that she is entitled to relief under 28 U.S.C § 2241 because she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

### A. Ms. Kharana is "in custody" for the purpose of § 2241

Under 28 U.S.C. § 2241, a district court judge can grant a writ of habeas corpus within his respective jurisdiction for a prisoner who is being held in custody in violation of United States law. 28 U.S.C. § 2241(a)-(c). Generally, "in custody" has been broadly defined for the purposes of a § 2241 habeas petition. *Hensley v. Municipal Court*, 411 U.S.

5

1  345, 348-349 (1973); *Jones v. Cunningham*, 371 U.S. 236, 240-243 (1963). Citing this line
2  of authority, many circuits, including the Ninth, have held that a person subject to a final
3  order of removal is "in custody" for § 2241 habeas purposes. *Park v. California*, 202 F.3d
4  1146, 1148 (9th Cir. 2000) (holding that when a person faces deportation he has a valid
5  habeas petition, even if he was released from prison); *Zalawadia v. Ashcroft*, 371 F.3d 292,
6  296-98 (5th Cir. 2004) (finding that a person deported *after* he filed a habeas is still "in
7  custody" because that determination is made at the time of filing); *Mendonca v. INS*, 52 F.
8  Supp. 2d 155, 159 (D. Mass. 1999), *aff'd*, 201 F.3d 427 (1st Cir. 1999) (reasoning that "in
9  custody" for the purposes of a § 2241 habeas includes any persons subject to a final
10 deportation order, even if not in physical custody). Thus, under this expanded concept of
11 custody, the district court maintains jurisdiction even if the petitioner is removed from the
12 United States, as long as the habeas petition is properly filed. *Ex Parte Mitsuye Endo*, 323
13 U.S. 283, 304 (1944); *Zegarra-Gomez v. INS*, 314 F.3d 1124 (9th Cir. 2003) (holding that a
14 habeas petition is not moot where collateral consequences arise from the deportation). Ms.
15 Kharana is "in custody" because she properly filed a habeas petition under § 2241 while
16 facing deportation and in the physical hands of immigration authorities.

**B.    Ms. Kharana is not entitled to relief under 28 U.S.C. § 2241**

18     Despite the fact that the Court has jurisdiction over Ms. Kharana's habeas petition and
19 she is "in custody" as required by § 2241, the Court cannot reach the merits of Ms. Kharana's
20 ineffective assistance claim because she is barred from collaterally attacking her state court
21 conviction for obtaining money under false pretenses.

22     The Ninth Circuit has long held that the petitioner cannot collaterally attack the state
23 court conviction that forms the basis for his immigration custody in a § 2241 petition.
24 *Resendiz v. Kovensky*, 416 F.3d 952, 960-961 (9th Cir. 2005); *Contreras v. Schiltgen*, 122
25 F.3d 30, 31-32 (9th Cir. 1997). In *Contreras*, the petitioner pled no contest to a crime that
26 required mandatory deportation under the Immigration and Nationality Act. *Id.* at 31.
27 Contreras filed a habeas petition in state court alleging that he was deprived of effective
28 assistance of counsel because his lawyer had erroneously informed him that his plea would

6

have no effect on his immigration status. *Id.* The state court denied his petition, and by the time he had exhausted his remedies there, he had completed his sentence. *Id.* He then filed a 28 U.S.C. § 2254 habeas in federal district court alleging ineffective assistance of counsel during his state court conviction. *Id.* The court dismissed his petition because he was no longer "in custody" for § 2254 purposes as his sentence had expired. *Id.* Contreras amended his petition, and the court interpreted it as a habeas petition under 28 U.S.C. § 2241. *Id.* The court construed Contreras' argument to be that because his conviction was involuntary and unconstitutional due to the ineffective assistance of counsel he was "in custody in violation of the Constitution or laws or treaties of the United States" under 28 U.S.C. § 2241(c)(3). *Id.* Both the district court and the Ninth Circuit held that Contreras was in custody because he was convicted of an aggravated felony, which was a sufficient basis for his INS detention. *Id.* As a result, he was not being held in custody *in violation* of any United States law, and his § 2241 petition failed on that basis. Thus, "the validity of Contreras' California conviction can only be tested in an action against the state, which has the greatest interest in preserving its judgment and the best ability to either correct or defend it." *Id.* at 33.

The Ninth Circuit confirmed this conclusion in *Contreras II*, 151 F.3d 906 (9th Cir. 1998), and later rejected a different petitioner's request to overturn the holding in light of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Resendiz v. Kovensky*, 416 F.3d 952 (9th Cir. 2005). In *Resendiz*, the petitioner asked the court to reconsider the rule that state court convictions that form the basis for INS custody cannot be collaterally attacked in a § 2241 petition. *Id.* at 960. The Ninth Circuit declined to do so, despite the fact that the AEDPA was an intervening change in the law, because it found that there was nothing in AEDPA that undermined the court's holding in *Contreras*. *Id.* Other circuits have reached the same conclusion as the Ninth Circuit in the post-AEDPA context. *See Broomes v. Ashcroft*, 358 F.3d 1251, 1255 (10th Cir. 2004) (finding that a state court conviction cannot be collaterally attacked in a § 2241 petition, even in the post-AEDPA context); *Drakes v. INS*, 303 F.3d 600, 605 (3d Cir. 2003) (holding that a post-AEDPA § 2241 petition was not a valid procedural avenue for a collateral attack on an underlying state conviction).

7

Ms. Kharana's situation is indistinguishable from the facts in both *Contreras* and *Resendiz*. She claims to have received ineffective assistance from her attorney during her criminal trial. Her attorney's erroneous advice allegedly led her to plead guilty to a crime that made her removable and justified INS custody over her. Ms. Kharana attempted to challenge her conviction in California state court, the court dismissed her petition without prejudice because pending cases would effect the ultimate decision on the merits in her case. Having temporarily exhausted her state court remedies, Ms. Kharana came here for relief with her § 2241 petition.

To be eligible for relief under § 2241, Ms. Kharana must allege she is in custody in violation of a United States law. 28 U.S.C. § 2241(c)(3). But as in both *Contreras* and *Resendiz*, Ms. Kharana's conviction gave the INS a valid reason to detain her, so she is not in custody in violation of a United States law. Filing a petition for a writ of habeas corpus in state court is the proper avenue for challenging the constitutionality of that conviction. *See Contreras*, 122 F.3d at 33.

Moreover, the Court cannot construe this petition under 28 U.S.C. § 2254 because she is not "in custody under the conviction or sentence under attack" as the law requires. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Nor did Ms. Kharana argue for an exception to *Maleng* because she diligently pursued her collateral remedies but is no longer "in custody" due to her attempt to meet her state exhaustion requirements which outlasted her custody. Ms. Kharana is not, however, entirely without a remedy. If the California Supreme Court resolves the pending legal issues in her favor she can refile her habeas petition in Santa Clara Superior Court.

## CONCLUSION

The Court finds that the REAL ID Act does not deprive this Court of jurisdiction to hear the petitioner's § 2241 habeas petition because she is not challenging her removal order, but rather her underlying conviction. However, the Court holds that Ms. Kharana is not entitled to habeas relief under § 2241 because her state court conviction gave the INS a valid

8

basis to detain her, and thus she was not held "in custody in violation of the Constitution or laws or treaties of the United States." Accordingly, with good cause appearing, IT IS HEREBY ORDERED that Petitioner's petition for a writ of habeas corpus is DENIED without leave to amend.

**IT IS SO ORDERED.**

Dated: 12/3/07

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT